Samuel M. Gold, J.
This is a proceeding under article 78 of the Civil Practice Act, for an order vacating the determination of the respondent which dismissed petitioner from his position as Senior Street Club Worker, and directing respondent to reinstate petitioner to his former status with full pay from the date of his discharge.
Petitioner was appointed a Senior Street Club Worker on October 21, 1957, and summarily discharged from his employment by respondent as of October 7,1958, without a hearing. It appears from the record that petitioner was appointed as a provisional employee and continued in that capacity until he was discharged.
*229 The position is classified in the competitive class of the New York City Civil Service. Petitioner, however, never participated in a competitive test and was not appointed from an eligible list. Since petitioner did not qualify for employment on the basis of merit and fitness pursuant to a competitive test, he acquired no legal right to the position and is subject to removal at will (Matter of Scahill v. Drzewucki, 269 N. Y. 343). The mere fact that respondent continued his provisional employment beyond the limitation period in violation of section 15 of the Civil Service Law and rule Y (§ IX, subd. 6 [par. (a)]; subd. 7) of the Bules and Begulations of the New York Civil Service Commission, did not confer permanency on the appointment. Accordingly, since the appointment was not made in conformity with the Constitution or the Civil Service Laws, and petitioner was merely a provisional employee, he acquired no tenure of office and is not entitled to review his discharge under the provisions of section 22 of the Civil Service Law (Matter of Benon v. La Guardia, 285 N. Y. 560; Matter of Hilsenrad v. Miller, 284 N. Y. 445).
The motion is denied and the petition dismissed.