Feed J. Murder, J.
The petitioner, who presently holds the permanent rank of lieutenant in the Suffolk County Police Department, seeks in this article 78 of the Civil Practice Act proceeding, as authorized by section 100 (subd. 1, par. [c]) of the Civil Service Law, to review the determination of the Suffolk County Civil Service Commission, dated July 12,1960, by which that commission denied his request that he be granted the rank of captain in said police department.
The petitioner was appointed a patrolman constable of the Town of Islip on July 1, 1930. He acted in that capacity and also as a relief man in the Islip Police Department until January 1, 1938, when he was regularly employed as a member of the Police Department of the Town of Islip. On April 14, 1942, he became a sergeant of police. On October 15,1942, when under the provisions of the Fite Law (Civil Service Law, § 11-a) the Rules of Civil Service were extended to Suffolk County, the petitioner was covered-in as a police sergeant, the title he then held.
On June 16,1943 the petitioner was appointed a lieutenant in the Islip Town Police Department after passing a noncompetitive promotional examination. Thereafter, on April 16, 1955 the Town Board of the Town of Islip designated the petitioner as police captain and on November 1, 1956 designated him as chief of police of the town police department. Both of these appointments were approved by the respondent, Suffolk County Civil Service Commission, as provisional appointments.
At no time after petitioner became a police lieutenant had the respondent Suffolk County Civil Service Commission offered or given a promotional examination for the office of police chief for the Town of Islip. Although in 1956 the Town of Islip requested such an examination, the commission refused to schedule one on the ground ‘ ‘ that it would be impractical to hold such examinations for only one town ’ \
*621 By chapter 278 of the Laws of 1958, the Suffolk County Charter became effective on March 21, 1958. Pursuant to section 1207 of the Suffolk County Charter five towns of the county elected to form a County Police Department. Among these towns was the Town of Islip. The transfer of the personnel and functions of the town and village departments to the County Police Department took place on January 1, 1960. During the transitional period before the establishment of the County Police Department, the Suffolk County Civil Service Commission was advised by the State Department of Civil Service, not to hold police promotional examinations because:
“A. The Charter intends that your new Commissioner of Police must plan the organization of the Department and he cannot plan such organization properly when the status of the individuals involved in the consolidation is changing during his planning period.
“ B. According to the schedule of operations, the individuals who might be on an eligible list could not complete their probationary period under their present appointing officers.”
As of January 1, 1960 the petitioner was transferred to the Suffolk County Police Department with the rank of police lieutenant. He thereafter was provisionally appointed as captain by the respondent Police Commissioner. He thereafter took a promotional examination for the permanent rank of captain and failed to pass the same as a result of which he was reduced to the rank of lieutenant.
On July 9, 1956, the Board of Supervisors of Suffolk County adopted the following resolution:
1 ‘ whereas, there has not been a review of the Civil Service status of such employees in recent years, particularly not since the Civil Service Laws of the State of New York has been revised and it being desirable and in the best interests of the County of Suffolk and its employees that a survey and review of Civil Service status of such public employees be made, and “ whereas, the firm of Management Services Associates, Inc. and its President, H. Eliot Kaplan, have done outstanding work in this field, now therefore, be it
“ resolved, that the Chairman of the Board of Supervisors be and he hereby is authorized to execute a contract with Management Services Associates, Inc. of 15 Park Bow, New York, * * * providing that said firm will proceed to conduct a review and survey of the officers and employees of the County of Suffolk and to file with this Board a report and recommendation based upon such survey after comparison with the appli *622 cable laws of the State of New York and rules and regulations of the Civil Service Commission, and be it further
“resolved, that the Chairman of the Board of Supervisors be and he hereby is authorized to direct all officers and employees of the County to cooperate with the said Management Services Associates, Inc. and its employees in furtherance of the survey and to effectively carry out the terms of the contract for such survey ”.
Thereafter, on July 30, 1956, the following further resolution of the Board of Supervisors was adopted:
“ whereas, by resolution adopted the 9th day of July, 1956, the Chairman of the Board of Supervisors was authorized to execute a contract with Management Services Associates, Inc. to conduct a survey of the Civil Service Status of County employees and to make a report and recommendation concerning the same, and
‘ ‘ whereas, it appears that the Civil Service Commission has recommended that the same type of survey be extended to include not only a survey of County employees but a survey of Town and Village employees, now therefore be it
“resolved, that the said resolution of July 9, 1956 be and hereby is modified so that the Chairman of the Board of Supervisors be and hereby is authorized to execute said contract with Management Services Associates, Inc. of 15 Park Bow, New York 38, New York, said contract to include a survey together with a report and recommendations not only for County employees but also Town and Village employees.”
On June 21, 1957 the Management Services Associates, Inc., completed its survey and filed its report. That report, popularly known as the ‘ ‘ Kaplan Beport ’ ’, indicated that it embraced all positions in the competitive, noncompetitive and labor classes in the county, towns and villages. The survey thus, at least inferentially, included positions of police officers of the various town police departments. The report recommended that all incumbents who had served in their respective positions for at least one year prior to July 1, 1956, be continued in such positions under their newly assigned titles without further elimination.
July 29, _ 1957, the Board of Supervisors adopted the fplldw3|ig '-resblu&qn:,
wfiERk^ly:' ^t tKe?request of the Civil Service Commission of Suffolk Couhtyp the Boafet'o! Supervisors engaged Management Services Associates, Inc.,"to review the positions and classifications of employees of Suffolk County, and
*623 ‘ ‘ whereas the said Management Services Associates, Inc., filed its report dated June 21, 1957, and
“ whereas the Civil Service Commission of Suffolk County, after due review of said report, adopted that portion of the report relating to the title and classifications of positions of employees as contained in said report except insofar as the report relates to the Probation Department and the County Court, now therefore be it
“ resolved that effective the first day of January, 1958, the said report of Management Services Associates, Inc., dated June 21, 1957, except insofar as it relates to the Probation Department and the County Court, and the resolution of the Civil Service Commission relative to said report duly adopted on the 23rd day of June, 1957, be and the same hereby are ratified and confirmed.
A RESOLUTION OF THE CIVIL SERVICE COMMISSION ADOPTING THE TITLES AND CLASSIFICATIONS OF POSITIONS OF CERTAIN EMPLOYEES IN THE COUNTY GOVERNMENT OF SUFFOLK COUNTY.
‘ ‘ whereas the Board of Supervisors on the recommendation of the Civil Service Commission engaged the services of Management Services Associates, Inc., to review the title and position classifications of civil service employees of the County of Suffolk, and
1 ‘ whereas having made a thorough review of all the said employees, the said Management Services Associates, Inc., has filed with this Civil Service Commission and with the Board of Supervisors its report dated June 21,1957, and
‘ ‘ whereas this Civil Service Commission has reviewed said report and has determined that the recommended titles and position classifications are proper and equitable except that further studies should be made in connection with the Probation Department and the County Court, now therefore be it
‘ ‘ resolved that effective on the first day of January, 1958, said report of Management Services Associates, Inc. dated June 21, 1957 be adopted insofar as it relates to titles of positions and position classifications of employees providing, however, that said report is not adopted insofar as it relates to the Probation Department and the County Court, and be it further
“resolved that effective on the first day of January, 1958, the titles and classifications of positions of employees of the County of Suffolk shall be established in accordance with said report except insofar as said report relates to the Probation Department and the County Court.”
*624 The resolution dated July 23, 1957 of the respondent Civil Service Commission purporting to cover-in persons who had been employed continuously since July 1, 1955 without further examination was made subject to the approval of the New York State Civil Service Commission. Thereafter a resolution was submitted to the State Civil Service Commission and approved by that commission on January 7, 1960, seven days after the transfer of the petitioner to the Suffolk County Police Department. The resolution so approved by the State Civil Service Commission listed the names of the incumbents whose situations were affected by the resolution. Neither the petitioner’s name nor that of any policeman was so listed.
It is now the petitioner’s claim that the omission of his name from that resolution was improper; that the prior general resolutions of the Suffolk County Civil Service Commission and the Suffolk County Board of Supervisors ratifying and confirming the Kaplan Report effectively covered him in as a permanent chief of police or police captain of the Town of Islip as of July 1, 1957 and consequently on his transfer to the Suffolk County Police Department he should have been accorded the permanent rank of police captain.
On July 12, 1960 the petitioner addressed a request to the Suffolk County Civil Service Commission for recognition as a police captain. That request was denied on the ground that the members of the police departments were not contemplated by the cover-in provisions of the Kaplan Report and the subsequent resolutions.
The petitioner also claims that the failure of the Suffolk County Civil Service Commission to provide a promotional examination for the position of police captain deprived him of an: opportunity to qualify by test for that position. It is his contention that such failure operated to permanently promote petitioner to the position of police captain and chief of police when such commission approved those appointments even though the commission’s records indicate such approval to have been of provisional appointments only.
The respondents argue that the reclassification resolution of the Suffolk County Civil Service Commission, as approved by the New York State Civil Service Commission, is unconstitutional as in violation of section 6 of article V of the Constitution of the State of New York and of subdivision 1 of section 61 of the Civil Service Law, as well as of the existing Rules of the Suffolk County Civil Service Commission insofar as it purports to give appointments and promotions to positions in *625 the competitive class without selection from an eligible list established after competitive examination.
There are several rules of law which are fundamental and firmly fixed by the Constitution, by statute and by decisional law.
The Constitution (art. V, § 6) requires that “Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”. It is practicable to test fitness for positions in police departments by written examinations (Matter of Andresen v. Rice, 277 N. Y. 271). A provisional appointment, which is a stopgap or temporary appointment without competitive examination pending the establishment by such examination of an eligible list, can never ripen into a permanent appointment. (Matter of Benon v. La Guardia, 285 N. Y. 560; Matter of Mercado v. New York City Youth Bd., 21 Misc 2d 228.)
Job surveys and reclassifications of positions in any municipal office or service is an approved practice. (Matter of Clare v. Silver, 4 N Y 2d 107; Matter of Mandle v. Brown, 5 N Y 2d 51.) The purpose of reclassification is to “ conform[s] the civil service structure to the realities which obtained in the operation of the agency prior to reclassification ”. (Matter of Mandle v. Brown, supra, p. 64.) Thus reclassification is a realistic re-evaluation and designation of positions actually held but these positions must have been held under valid appointments. A valid appointment is one made in strict conformance with the constitutional provision and the Civil Service Law (§ 44) and Buies For Classified Service. All these require competitive examination for any position in the. competitive class of civil service. A police captaincy is a position in the competitive class.
Covering in is a device which may be legally employed to permanently retain in the positions they occupy those who hold positions when civil service is first extended to a municipality. This was the accomplishment of the Fite Law in 1942 when civil service was extended to all counties, towns and villages.
The same device is employed when a municipality acquires a private institution or enterprise. This is called the ‘ ‘ going concern rule ”. The employees of the private agency may be covered in as permanent employees in the competitive class of civil service. (Civil Service Law, § 45.)
It is suggested that because the State Civil Service Commission or the County Civil Service Commission has found it practically inexpedient to schedule examinations in areas affecting *626 few positions, the local civil service has not yet achieved universal compliance with the law and in order to bring about an orderly reorganization without a great disruption of service, the reclassification method with the added feature of covering in employees, including those without permanent status, should be approved.
However salutary the reason, I know of no authority, and none has been called to my attention, which permits this, whether it is done by the local legislative body, the Local Civil Service Commission or the State Civil Service Commission, singly or in combination. Bather as I read section 6 of article V of the Constitution and the decisions construing it, such a method of permanently creating status and tenure in the competitive class of the classified civil service of the State or any less municipal agency is specifically interdicted.
The petitioner’s permanent status in the Islip Town Police Department was that of police lieutenant. His promotions thereafter were on a provisional basis only. He acquired no right of tenure either from the continuance of that provisional status beyond the statutory limit or from the failure to schedule or provide promotional examinations. Thus the petitioner never had claim to a permanent status beyond that of lieutenant and, as heretofore indicated, gained nothing by the Kaplan Report or any resolution implementing it.
I find that the petitioner’s transfer to the Suffolk County Police Department as a lieutenant was in proper conformity with the provisions of the Suffolk County Charter and section 70 of the Civil Service Law and consequently could not have been arbitrary or unreasonable. The petition is dismissed, without costs.