No opinion. Appeal from intermediate order dismissed. No mention of this order is made in claimants' briefs; the appeal from the order appears to have been abandoned. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of BERNARD GAISER, Appellant, v. CHARLES R. THOM, as Commissioner of Suffolk County Police Department, et al., Respondents.—

No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur. [30 Misc 2d 619.]

■ In the Matter of the Estate of IRVING MAX, Deceased. ABRAHAM MARX, as Executor of IRVING MAX, Deceased, et al., Respondents; SCHYIA MAX, Appellant.—

No questions of fact were considered by this court. On April 26, 1954, testator and his son entered into a partnership agreement with respect to the business which they were then conducting. The agreement provided that the survivor shall take the entire business without any payment by him to the estate of the deceased partner. About two years later, on May 29, 1956, testator made his will in which he provided, contrary to the provisions of the partnership agreement, that the business shall go to his brother and to his son in equal shares. No other testamentary provision was made for the son. On November 27, 1959 testator died and the will was duly admitted to probate. The executors (one of whom has since resigned) thereafter petitioned the Surrogate's Court for a construction of the will, not because there was any ambiguity in its provisions, but to determine whether the partnership business should be divided between testator's brother and son as provided in the will, or whether the entire business should go to testator's son as provided in the partnership agreement. Testator's son (the appellant) objected to the Surrogate's assumption of jurisdiction to pass on the agreement. The Surrogate held that, since testator's son is a beneficiary under the will, the Surrogate's Court had power to consider the effect of the agreement in relation to the will. We are constrained to disagree. What is here essentially involved is a construction of the partnership agreement, and not a construction of the will. If the agreement is valid, the estate has no interest in the partnership because the agreement gave testator's son the entire business. If the agreement is invalid, the estate has no interest in the partnership assets except that the estate is entitled to be paid the value of the interest of the