In the Matter of GERALD GEIGER, Petitioner, *v.* EUGENE NICKERSON, as County Executive of the County of Nassau, et al., Respondents.

Supreme Court, Special Term, Nassau County, June 4, 1962.

*Marcus, Schenkman & Neiman* (*Boris Marcus* of counsel), for petitioner. *Bertram Harnett, County Attorney* (*Harold Bobroff* of counsel), for respondents.

MARIO PITTONI, J. Application for an order pursuant to article 78 of the Civil Practice Act directing the reinstatement of the petitioner to a position of " buyer " in the Department of Purchase of the County of Nassau.

Application is denied. The petitioner, a veteran, alleges that he was unlawfully discharged on May 11, 1962 from his position of buyer; that he was discharged without previous notice or without a hearing because there was a political change in the county administration. The respondent contends that no notice or hearing is necessary to discharge a temporary or provisional employee.

Attached to the answer is a record of the petitioner's employment. It shows specifically, as rule IX of the Nassau County Civil Service Rules shows, that the position of buyer is in the competitive class. Admittedly, the petitioner did not take any competitive examination for the position. He has been classified as a provisional employee since August 12, 1961. As stated by the Appellate Division, Third Department in *Matter of Riggi* v. *Blessing* (9 A D 2d 423, 424) '' the petitioner as a provisional employee had no tenure of office, could be removed at will, and was not entitled to any review of his discharge under the provisions of former section 22 of the Civil Service Law (*Matter of Benon* v. *La Guardia,* 285 N. Y. 560; *Matter of Mercado* v. *New York City Youth Bd.,* N. Y. L. J., June 2, 1959, p. 12, col. 7 [21 Misc 2d 228]; *Matter of Scahill* v. *Drzewucki,* 269 N. Y. 343; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513). ''

Under the circumstances, the application for reinstatement must be denied.