In the Matter of the DETECTIVE ENDOWMENT ASSOCIATION, POLICE DEPARTMENT, CITY OF NEW YORK, INC., et al., Respondents, v. HOWARD R. LEARY, as Police Commissioner of the City of New York, Appellant.

First Department, April 15, 1971.

*Beatrice Rothman* of counsel (*Stanley Buchsbaum* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*Abraham Shalo* for respondents.

McNALLY, J. In this article 78 proceeding, respondent appeals from the judgment, Supreme Court, New York County, entered July 6, 1970 which enjoined the Police Commissioner from assignment of the petitioners and others similarly situated to perform the duties of detective in the New York City Police Department for extended periods of time.

The Police Commissioner, as Chief Executive Agent of the Police Department, has the authority under subdivision a of section 434 of the New York City Charter to " have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department." Subdivision b of said section further provides that the Commissioner " shall be chargeable with and responsible for the execution of all laws and rules and regulations of the department."

The Police Commissioner is empowered to make such assignments of duties to police personnel as he deems necessary and proper as long as such assignments do not contravene the requirements of section 48.0 of chapter 2 of the Rules and Procedures of the New York City Police Department.

Section 16.4 of chapter 1 of the Rules and Procedures outlines the duties of patrolman which include the performance of general police duties among the various branches of the department, and to " perform special duties or assignments as directed by the Police Commissioner in his discretion."

New York City Civil Service Commission employs the same language to describe the " Duties of Patrolmen " in examination notices for the position of patrolman.

Assignment of a patrolman to the Detective Division does not involve the transfer to a position requiring an examination or involving tests or qualifications different from or higher than

those required for the position of patrolman. The assignment of a patrolman to any bureau of the Police Department does not change the patrolman's civil service status.

Section 434a–3.0 of the Administrative Code of the City of New York gives the Police Commissioner power to detail members of the force to the Detective Bureau. Subdivision e provides that any member so detailed shall retain his or her rank in the force and shall be eligible for promotion as if continuing to serve in the uniformed force with the time served in the Detective Bureau counting as if served in his or her rank or grade for credit in the uniformed force. The designation of patrolmen as detectives is wholly within the discretion of the Police Commissioner, and may be revoked at his pleasure. (*Ibid.,* subd. f.)

On the facts in this case we hold that the duties performed by the petitioners are not out-of-title. They are within the scope of the job specification and descriptions of the duties of the position of a patrolman for which each patrolman was tested in order to qualify for his appointment. As no promotion or change of grade was involved, the assignments of the petitioners were within the sole discretion of the Police Commissioner. (*Matter of Sanger* v. *Greene,* 269 N. Y. 33, 42; *Thoma* v. *City of New York,* 263 N. Y. 402, 405.) The granting of an injunction under the circumstances was improper.

The cases relied on by Special Term, *Matter of O'Reilly* v. *Grumet* (308 N. Y. 351) and *Matter of Clifford* v. *Police Comr.* (2 A D 2d 674) are inapplicable. In *O'Reilly,* the petitioners, Captains in the New York City Fire Department, were on a current eligible list for the position of Battalion Chief as the result of a competitive civil service examination. The case involved the right of the Fire Commissioner to assign the Captains to duty as Battalion Chiefs. The petitioners were required to perform the duties of the next higher rank, namely, that of Battalion Chief, without appointments as Battalion Chief and without the salary for the higher grade to which they had proved their eligibility for appointment.

In *Clifford,* the petitioners were Lieutenants in the New York City Police Department. They had passed a competitive examination and had been placed on an eligible list for Captain. They sought to enjoin the Commissioner from assigning Police Lieutenants to out-of-grade duties and functions of Captains. The issue in that case was whether the Police Commissioner had established a practice, the effect of which was to deprive petitioners, who were on an eligible list for promotion to Captain, of their rights under civil service.

The assignment of petitioners to the Detective Bureau is neither a promotion nor change of grade. The judgment appealed from should be reversed, on the law, and the petition dismissed, without costs.

McGIVERN, J. P., NUNEZ and KUPFERMAN, JJ., concur; TILZER, J., dissents and votes to affirm for the reasons stated in the opinion of Mr. Justice SARAFITE at Special Term.

Judgment, Supreme Court, New York County, entered on July 6, 1970, reversed, on the law, without costs and without disbursements, the motion denied, and the petition dismissed.