■   In the Matter of PERCELL SMITH, Petitioner, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents.—Determination of respondents police department and the commissioner thereof made on or about July 31, 1974, annulled, in the exercise of discretion, without costs and without disbursements, and the matter remanded to respondents for further proceedings. There was substantial evidence to sustain the conclusion, as expressed in one of the departmental indorsements on the record of proceedings, that petitioner's acts constituted "grave misconduct" in that he "caused the arrest of three innocent civilians" in "excessive misuse of police authority." We have determined unanimously that, were it not for the Corporation Counsel's specific request in his brief for "remand * * * for a new hearing on the charges formally filed against petitioner," we would have confirmed. Our partially dissenting brethren apparently are of the opinion that the concomitant consent "to vacatur of the penalty imposed * * * of loss of vacation days" carries with the remand restoration also to detective status, this despite the specific argument in respondents' brief to the contrary. Reliance is also placed upon Deputy Commissioner Michael's above-quoted indorsement in which he recommends "an additional penalty of revocation of detective status." But, by long-time and well-settled decisional law we have been taught that appointment to and revocation of detective status is solely a matter of the commissioner's discretion. Indeed, there is an indication found in the same indorsement that petitioner's demotion was an exercise of departmental discretion and not part of the sanction imposed: "Furthermore * * * the respondent's [here petitioner's] brief tenure as a detective has not distinguished him to such a degree that he be retained as a detective." We believe that the matter of restoration to detective status should be left to the commissioner's discretion in the

improbable event that he should so determine. Concur—Lupiano, Nunez and Markewich, JJ.; Murphy, J. P., and Lynch, J., dissent in the following memorandum: In annulling the respondents' determination, the entire determination should be annulled. Part of that determination consisted in the imposition of a penalty revoking the petitioner's detective status. That portion of the determination should also be annulled and the petitioner should be reinstated, however temporarily, to his detective status. After his reinstatement, the police commissioner has full discretion to revoke that status immediately. *(Matter of Detective Endowment Assn., Police Dept., City of N. Y., v Leary,* 36 AD2d 289, affd 30 NY2d 577.)