In the Matter of MICHAEL D. BORRELL, Respondent, v COUNTY OF GENESEE et al., Appellants.

Fourth Department, March 28, 1980

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (Fred Aten* of counsel), for appellants.

*Rowley & Forrest, P. C. (Jeffrey Plant* of counsel), for respondent.

## OPINION OF THE COURT

HANCOCK, JR., J.

The question posed in this appeal from a judgment in a CPLR article 78 proceeding restoring petitioner-respondent Borrell (hereinafter referred to as "Borrell"), to his former position of Investigator in the Genesee County Sheriff's Department is whether Borrell was demoted in contravention of his rights under section 75 of the Civil Service Law as a person holding a position by permanent appointment in the competitive class of the classified civil service.

By Local Law No. 1, 1974, entitled "A Local Law Providing Civil Service Coverage and Status to Certain Personnel in the Genesee County Sheriff's Department," adopted May 29, 1974 to be effective July 1, 1974, the Genesee County Legislature placed all offices and positions of employment in the Genesee County Sheriff's Department, except Sheriff, Under-Sheriff, and Civil Deputies in the classified Civil Service of the State of New York. Section 3 of Local Law No. 1 provided that: "all employees in the Sheriff's Department who are presently employed in positions to be classified under Section 1 of this Local Law, who have been continuously employed in said Department for a period of one year or longer prior to the effective date of this Local Law, shall be covered in their respective positions without examination."

On the effective date of the local law, Borrell had, since June, 1972, served continuously in the Genesee County Sheriff's Department in the position of Investigator at pay grade 13-5. He continued to hold this position until November 25, 1977 when by a "Departmental Memo" dated November 23, 1977 from respondent-appellant Wullich, the Sheriff of Genesee County, he was "reassigned" from Investigator to Deputy Sheriff-Jail. The change to the position of Deputy Sheriff-Jail

carried with it a reduction in pay to grade 12-5[1] and a loss of certain benefits.

In his petition, Borrell contends that, as a person holding a permanent competitive appointment, he was demoted without a statement of the charges and a hearing as required by Civil Service Law (§ 75, subd 1, par [a], subds 2, 3).[2] It is conceded that during much of the time that Borrell occupied the position of Investigator there was in existence a collective bargaining agreement between the Genesee County legislature and the Genesee County Sheriff (constituting the employer) and the Genesee County Deputy Sheriff Association, Inc. in which "Investigator" was listed as a separately titled position at pay grade 13 and Deputy Sheriff, a separately titled position at grade 12.

Appellants do not deny that Borrell held the position of Investigator from June, 1972 to November 25, 1977 and that the transfer to Deputy Sheriff-Jail resulted in a pay grade reduction from grade 13-5 to grade 12-5. They contend, nevertheless, that Borrell was not demoted but merely reassigned to other duties and that the reassignment did not constitute a disciplinary penalty giving rise to the protective procedures afforded by Civil Service Law (§ 75, subds 2, 3). As support for their position, appellants rely on actions taken by the Civil Service Commission of Genesee County on March 23, 1976 and June 28, 1976 purporting "to clarify the status of the * * * positions which were 'covered in' as 'Investigator', in recognition of the past usage of this title as an assignment only." By the "clarifying actions" of the commission on March 23, 1976 and June 28, 1976, appellants contend that employees, like Borrell, who were assigned the title of Investigator on July 1, 1974, had from that date forward held the permanent title of Deputy Sheriff and not Investigator and that the designation

---

1. As of the date of the petition, March 20, 1978, it appears that the yearly salary for a grade 13-5 Investigator was $12,137 (computed at the hourly rate of $5.87). The hourly rate for a grade 12-5 Deputy Sheriff was $5.59. The salary schedule for the year 1975, attached to the collective bargaining agreement between the Genesee County legislature and the Genesee County Sheriff, and the Genesee County Deputy Sheriff Association, Inc., lists the maximum salary for a grade 13 Investigator as $11,497 and the maximum salary for a grade 12 Deputy Sheriff as $11,016. The 1975 schedule provides for a salary increase in 1976 of $533 for grade 12 and $640 for grade 13.

2. Because petitioner is an honorably discharged member of the Armed Forces of the United States, having served therein in a time of war, he would also be protected under Civil Service Law (§ 75, subd 1, par [b]).

as "Investigator" was an indication not of position or grade but of a "continual duty assignment" within the broader title of Deputy Sheriff. While recognizing that a Deputy Sheriff assigned to the duties of an Investigator receives an annual salary equivalent to that of a Deputy Sergeant at grade 13-5 whereas the Deputy Sheriff-Jail receives a lesser sum at grade 12-5, they maintain, again citing the "clarification" given by the Genesee County Civil Service Commission in the minutes of its March 23, 1976 meeting, that the pay differential does not indicate that the Investigator has a higher grade or status but that it is merely "an additional stipend to cover additional expenses and off-duty hour responsibilities".

■ The first question to be answered is whether Borrell had acquired tenure in a permanent position in the competitive class of civil service as an Investigator. An incumbent who has been validly appointed to a position not covered by civil service may, by local legislative enactment, be "covered in" the competitive class and, if so, he is thereafter entitled to the same civil service tenure he would have had if he had been appointed after competitive examination (see *Matter of Rohr v Kenngott,* 288 NY 97, 102-103; *Amico v Erie County Legislature,* 36 AD2d 415, 425, affd 30 NY2d 729; *Matter of Gaiser v Thom,* 30 Misc 2d 619, 625, affd 15 AD2d 793). The "covering in" legislation is the equivalent of appointment in the competitive class (see *Amico v Erie County Legislature, supra,* p 425), and the date of the legislation is the date of appointment for purposes of tenure security *(Brooks v Dennison,* 61 Misc 2d 234, 236). It is conceded that Borrell was validly appointed as an Investigator in June, 1972 and that he had served continuously in that position until July 1, 1974, the effective date of Local Law No. 1, 1974, which "covered in", with certain exceptions, "all offices and positions of employment" in the department. Unquestionably, "Investigator" was a "position of employment" in the Sheriff's Department, long recognized as such by continued usage and practice as well as the express terms of the collective bargaining agreement to which both the Genesee County Legislature and the Genesee County Sheriff were parties signatory. We hold, therefore, that by virtue of Local Law No. 1, 1974, Borrell was permanently appointed in the competitive class of the civil service to the position of Investigator as of July 1, 1974.

■ Having determined that Borrell had tenure in the position of Investigator, we examine next the question of what, if

any, effect the actions of the Genesee County Civil Service Commission on March 23, 1976 and June 28, 1976 had on that position. We note from the minutes of the meetings that the commission did not purport to make a general reclassification in compliance with the applicable statutory procedures (see Civil Service Law, § 20, subds 1, 2; cf *Matter of Mandle v Brown,* 5 NY2d 51, 58-59, 63, affg 4 AD2d 283)[3] causing a change in the position of Investigator or in the existing status of any other title in the department. Appellants' contention is not that the commission effected a modification in the title of Investigator as it then existed, but that through its explanatory and clarifying actions taken on March 23, 1976 and June 28, 1976, it confirmed the position of Investigator as it assertedly was intended to be and had continuously been both before and after the "covering in"—i.e., merely a designation of a duty assignment commanding a higher salary within the title of Deputy Sheriff. Inasmuch as we hold that Borrell had achieved tenure as an Investigator at grade 13-5 on July 1, 1974, the inescapable effect of the "clarification" as to him was a retroactive demotion from the position of Investigator which commanded a salary at grade 13-5 as a matter of right to the position of Deputy Sheriff with the right to a salary at grade 12-5 and the possibility of being assigned by the Sheriff, in his discretion, to the duties of an Investigator at the higher salary grade of 13-5. The commission's "clarifying actions" of March 23, 1976 and June 28, 1976, although not purporting to be a reclassification and despite their noncompliance with section 20 of the Civil Service Law, would, if given effect, result in a *de facto* reclassification of Borrell's position from Investigator to Deputy Sheriff—thus accomplishing indirectly what could not be done directly (see *Matter of Mendelson v Finegan,* 168 Misc 102, 109, affd 253 App Div 709, affd *sub nom Matter of Mendelson v Kern,* 278 NY 568; cf *Matter of Mandle v Brown, supra).* Furthermore, the commission's actions would, if effectuated, cause a reduction in the annual salary grade of persons having tenure in the position of Investigator and would, therefore, offend section 121 (subd 2, par [a]) of the Civil Service Law.[4]

---

**3.** Subdivisions 1 and 2 of section 20 of the Civil Service Law provide that before a county civil service commission can adopt rules for the position classification of the offices and employments in the classified service under its jurisdiction there must be both notice and a public hearing, and that "[t]he rules and any modifications thereof adopted by a county civil service commission * * * shall be valid and take effect only upon approval of the state civil service commission."

**4.** Section 121 of the Civil Service Law ("Salary rights and limitations") (subd 2, par

We conclude, therefore, that Borrell's permanent appointment as Investigator was unaffected by the subsequent actions of the commission and that he had tenure in that position on November 25, 1977, the date of the "reassignment" to Deputy Sheriff-Jail. The "reassignment" entailed a demotion in grade and title and constituted a disciplinary action requiring compliance with section 75 of the Civil Service Law. Because there was no such compliance, Borrell was properly reinstated. Cases cited by appellants, such as *Matter of Petix v Connelie* (61 AD2d 65, affd 47 NY2d 457), *Matter of Smith v New York City Police Dept.* (56 AD2d 769) and *Matter of Detective Endowment Assn., Police Dept., City of N. Y. v Leary* (36 AD2d 289, affd 30 NY2d 577), involve lateral transfers without reduction in grade or title and are, therefore, inapposite.

The judgment should be affirmed.

CARDAMONE, J. P., SCHNEPP, DOERR and MOULE, JJ., concur.

Judgment unanimously affirmed, with costs.

---

[a]) states in pertinent part: "the annual salary of any position, compensable on an annual basis, which is classified or reclassified, or which is allocated or reallocated to a salary grade pursuant to the provisions of this article shall not be reduced for the then permanent incumbent by the reason of any provision of this article so long as such position is held by the then permanent incumbent."