■ In the Matter of Jose A. Yanis, Petitioner, v Robert J. McGuire, as Police Commissioner of the City of New York, et al., Respondents. — Determination of respondent police commissioner dated March 19, 1982 approving deputy commissioner of trials' report finding petitioner police officer guilty of certain charges, and recommending a penalty of loss of six days' vacation pay with an option to perform extra tours in lieu thereof, is confirmed, and the CPLR article 78 petition is dismissed, with costs. After a full hearing, the deputy commissioner of trials found that petitioner, because of his knowledge of English and Spanish, was instructed to report to the detective room to aid in a homicide investigation by interpreting at the interview with a Spanish-speaking witness, and that petitioner failed to do so and failed to notify his superior officer that he had not done so. The hearing officer found that petitioner was able to speak both English and Spanish and had previously interpreted on approximately 40 occasions in police situations, and that his true motive in regard to this case was apparently based upon his desire to be compensated or to be recognized with a detective designation for what he claims is a special skill. The hearing officer found that petitioner's refusal to interpret was unjustified and a violation of a reasonable order. The deputy commissioner of trials' determination, approved by the police commissioner, was not arbitrary, capricious or an abuse of discretion; it was supported by substantial evidence; and the penalty was not so disproportionate to the offense in the light of all the circumstances as to be shocking to one's sense of fairness. (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-234.) Concur — Sullivan, J. P., Silverman, Bloom and Milonas, JJ.

Asch, J., dissents in a memorandum as follows: Petitioner is a police officer of Hispanic extraction. He was born in Puerto Rico and was brought by his parents to New York at the age of two years. He grew up speaking both English and Spanish. His Spanish was learned, as he himself has testified, from his family and on the streets. He passed the civil service examination given in English and was appointed over 14 years ago as a police officer. Until now his record over that period of time has been free from blemish. Petitioner was served with a set of written charges and specifications alleging that he failed to act as an interpreter on February 13, 1981. He pleaded not guilty and a hearing was held on September 22, 1981. After this hearing, the hearing officer found petitioner guilty of the charges and specifications and recommended a penalty of forfeiture of six days of vacation. On January 13, 1981, the respondent police commissioner approved the recommendation of the hearing officer. The underlying facts leading to the charges against petitioner are somewhat in dispute but basically are as follows: While performing his regular tour on February 13, 1981, petitioner was requested by Sergeant Vincent

Dougherty, the desk officer, to "go upstairs, [since] they need somebody that speaks Spanish and interpret for the Detectives upstairs." Thereafter, Sergeant Dougherty overheard a conversation in the detectives' room in which he learned petitioner Yanis had not appeared to interpret but had gone out on his regular tour. After speaking with petitioner at the end of the tour, Dougherty testified petitioner said "I'm not getting paid extra money for it; I'm not a Detective." Petitioner denied that this was the only explanation which he gave Dougherty. Rather, he testified that actually he had telephoned Sergeant Carroll, in charge of the detectives, and told him he had no expertise in the homicide aspect of the job as an interpreter. Petitioner was informed he would be given a "Command Discipline." He refused to accept any disciplinary action from Sergeant Dougherty, however, without a statutory hearing. Sergeant Carroll testified that petitioner telephoned him and asked "what he could do." Carroll explained he needed "a Spanish interpreter to assist the detectives in the investigation of a homicide." Petitioner, according to Carroll, then responded "we don't do those things * * * He told me that * * * he doesn't interpret." After this refusal, Sergeant Carroll got a translator from Brooklyn North detectives. When petitioner testified, he clarified the meaning of the statement "we don't do those things" by explaining that after he had ascertained from Sergeant Carroll that the case involved a homicide, he did not believe he had the necessary expertise to act as an interpreter in a case with such serious ramifications. There is a civil service position of "Interpreter." Subdivision 2 of section 61 of the Civil Service Law provides in pertinent part: "Prohibition against out-of-title work. No person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed * * * to such position * * * No credit shall be granted in a promotion examination for out-of-title work." As the record makes clear, there was no emergency situation confronting the police. Indeed, petitioner Yanis has interpreted many times previously "on the street" where presumably exigent circumstances were present. A legal memorandum by an assistant commissioner, which was offered by the department advocate at the hearing, was accepted and is part of the record. The memorandum gives the "official" opinion that a police officer who is interpreting in the course of police duties is not working out of title. It seems significant that the reasons advanced in the memorandum are that: "A police officer, in interviewing a defendant or crime victim, is not merely parroting words or translating in a sterile environment; rather, he brings into the witness/defendant interrogations, skills of an experienced and trained police officer which are so critical in criminal investigations. Additionally, legal issues are involved in police questioning with which a civilian interpreter may not be familiar." Petitioner's whole argument, advanced on the night of the occurrence and at the hearing, was that he lacked the necessary expertise in such a critical case. Petitioner also noted at the hearing that he learned Spanish solely from his family and the street. He has never had any formal training in that language. Likewise, petitioner, unlike detectives who are presumably trained in interrogation techniques, has never had the formal training that detectives receive. The case of *Matter of Detective Endowment Assn. v Leary* (36 AD2d 289-290), cited by respondents in support of their position, is inapposite. There this court held (at p 290) the "[a]ssignment of a patrolman to the Detective Division does not involve the transfer to a position requiring an examination or involving tests or qualifications different from or higher than those required for the position of patrolman." Here, however, petitioner has never qualified as an "interpreter." In fact, petitioner might not pass such a

test given his lack of formal training in Spanish. Admittedly, he used what skills he possessed during the course of his duties in emergency situations. This, however, was not such an emergency. Witnesses in a homicide case were waiting to be interrogated (and were interrogated by a detective-interpreter). Petitioner was understandably reluctant to translate, lacking the training and experience "which are so critical in criminal investigations" (memorandum of Assistant Commissioner Thomas E. Slade, dated April 30, 1981, noted *op. cit.*), and which are presumably possessed by detectives who are trained investigators. In view of these facts, which were all adduced at the hearing, the determination that petitioner was guilty of violating the rules and procedures of the police department was arbitrary and capricious and was not supported by substantial evidence. Accordingly, the determination of respondent commissioner should be reversed and vacated.