■ In the Matter of WILLIAM MURPHY, as President of the New York State Court Clerks Association, et al., Respondents-Appellants, v ALBERT M. ROSENBLATT, as Chief Administrative Judge of the Unified Court System of the State of New York, et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about October 14, 1988, which, *inter alia,* set aside the "exempt/confidential" jurisdictional classification of the title deputy chief clerk (arraignment parts) as arbitrary and contrary to law, and which directed the respondents-appellants to classify said title as "noncompetitive", modified, on the law, without costs, so as to vacate those parts of the judgment which directed respondents-appellants to reclassify said title as "noncompetitive", to initiate noncompetitive selection, and to post announcements, and substitute therefor a direction that the matter be remanded to respondents-appellants for further consideration consistent with the decision of the court, and as so modified, affirmed.

We agree with the comprehensive and well-reasoned decision of Justice Freedman (140 Misc 2d 450) in which she

determined that the newly created title of deputy chief clerk (arraignment parts) was improperly classified by the respondent Chief Administrative Judge as "exempt/confidential" title. However, the court lacked authority to direct reclassification since any remedial action must be taken by the Chief Administrative Judge, to whom the power to adopt and revise classifications has been exclusively delegated. *(Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys.,* 72 NY2d 383.) We therefore modify accordingly. Concur—Sullivan, J. P., Carro and Kassal, JJ.

Smith, J., dissents in a memorandum as follows: Because I believe that the determination of the respondents to establish an exempt/confidential position of deputy chief clerk (arraignment parts) was not unreasonable or arbitrary, I would reverse the determination of the Supreme Court.

First, the position of deputy chief clerk (arraignment parts) is a new position created to answer the specific problem of delays in arraignments in the criminal courts of New York City. The delays have been caused in part by the enormous flood of drug-related cases coming into the criminal justice system. At the time this proceeding was commenced there were some 23,000 arraignments per month in the New York City Criminal Court. In *Williams v Ward* (845 F2d 374 [2d Cir 1988], *cert denied,* — US —, 109 S Ct 818 [1989]), an action attacking the delays in arraignments in New York Criminal Courts, the United States Court of Appeals for the Second Circuit ruled that prisoners could be held for up to 72 hours before arraignment without violating the Constitution.

In my view the Chief Judge of the State and his authorized designee, the Chief Administrative Judge of the State, have the authority and right to create a position designed to solve the problems of arraigning tens of thousands of persons on an annual basis and to make that position one of management, confidence, and creativity.

Second, the position as conceived by the respondents meets all of the criteria of an exempt/confidential position. As noted in the affidavit of then Deputy Chief Administrator of the Unified Court System of the State of New York (now Chief Administrator) Matthew Crosson, all titles in the deputy chief clerk series are exempt and confidential. The same affidavit explains the current structure of the deputy chief clerks in the Criminal Court of the City of New York. The court has 1,500 employees. There are: one chief clerk VII (JG 34); six deputy chief clerk V's (JG 30); and one deputy chief clerk III (JG 24). The six deputy chief clerk V's include one who

manages the administration of personnel, budget and payroll matters on a city-wide basis; one who oversees court operations on a city-wide basis; and one in each of four boroughs (Bronx, Kings, New York and Queens) who supervises operations. The deputy chief clerk III supervises court operations in Richmond County. The deputy chief clerk (arraignment parts) (JG 28) would manage the operations of the arraignment parts in the four most populated boroughs.

Because of the enormity of the problems relating to 23,000 arraignments per month in the New York City Criminal Court, including the coordination of the work of several different agencies, such as the District Attorney, Legal Aid, the Police Department and the Correction Department, the respondents made a judgment that a deputy chief clerk (arraignment parts) was necessary. The papers submitted on behalf of the respondents emphasize the management requirements as well as the initiative, discretion, tact, flexibility and strength needed in the new position.

I would, accordingly, reverse the judgment of the Supreme Court.