■ In the Matter of RITA PELT, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [605 NYS2d 11] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about July 7, 1992, annulling the administrative order of the Housing Authority which transferred petitioner from the Housing Police Operations Unit and directing that petitioner be transferred back to the Operations Unit, is unanimously reversed, on the law and facts, and the petition is dismissed without costs.

Petitioner is a Housing Police officer who had been assigned to office work in the Operations Unit while attending law school. After a prolonged pattern of insubordination and harassment of fellow officers, she was transferred out of that unit to a Police Service Area unit—essentially back in the field.

While the IAS Court concluded that the Housing Police had failed to follow its own disciplinary rules, and that the administrative determination was arbitrary and capricious, in its opposition, the Housing Authority explained that officers are transferred all the time prior to or even without commencement of disciplinary proceedings, especially when an officer's continued presence in a unit becomes detrimental to command or disruptive to the work environment. Although disciplinary considerations may *prompt* the transfer, this is a management decision, rather than a disciplinary action.

Petitioner's reliance on Civil Service Law § 75 is misplaced. Although several disciplinary actions and attendant hearing requirements are listed there, a command transfer is *not* defined as one of the listed disciplinary actions; ergo, it is not a disciplinary action and no hearing is necessary. Petitioner lost no salary or benefits and has never initiated a union grievance procedure.

The matter before us is characteristically a case where an administrative decision deserves deference. The IAS Court's conclusion that the department had failed to follow its own rules is a misreading of the events, the transfer and the rules.

While the court might conclude it would have been appropriate for the department to bring formal charges against petitioner (see, e.g., *Richichi v Galligan,* 136 AD2d 616), commencement of disciplinary proceedings is a discretionary matter (see, e.g., *Matter of Gadway v Connelie,* 101 AD2d 974), as was the administrative directive transferring petitioner to field work. Petitioner has not submitted a brief upon appeal, but we have examined her remaining contentions before the Supreme Court and find them to be without merit. Concur— Murphy, P. J., Wallach, Kupferman and Asch, JJ.