*212 OPINION OF THE COURT
Edith Miller, J.
This is an application by petitioner for a judgment, pursuant to CPLR article 78, directing that respondent reinstate petitioner to the position of Director of the Division of Cemeteries and prohibiting respondent Cemetery Board, Division of Cemeteries (Cemetery Bd.) from terminating petitioner for the balance of his term of office.
On June 6, 1994, the Cemetery Bd. held a meeting addressing various issues relevant to the general administration of cemeteries in the State. During the meeting, a motion was made to accept the resignation of Pearse M. O’Callaghan, the Director of Cemeteries. The motion was unanimously carried. A motion to accept petitioner Ralph Perfetto as the new director was thereafter made. This motion was also unanimously carried.
. On or about June 6, 1994, the Cemetery Bd. adopted a resolution designating petitioner as Director of the Division of Cemeteries, Department of State for a term to commence June 13, 1994.
Not-For-Profit Corporation Law § 1504 (b) requires the Cemetery Bd. to make such an appointment. The statute states that such director "shall” hold office for a term of six years and that he or she is subject to the "supervision, direction and control” of the board.
On June 14, 1994, petitioner executed and notarized an oath of office as director. The oath of office was filed with the State of New York, Department of State on June 20, 1994. On March 31, 1995, the Cemetery Bd. adopted a resolution terminating petitioner.
The petition alleges that the only basis for the Cemetery Bd.’s resolution to terminate petitioner was a political one. It is alleged that following the election of Republican Governor George E. Pataki in November 1994, the new administration made efforts to replace many government positions held by Democrats, including petitioner.
It is further alleged that the Cemetery Bd.’s resolution to terminate petitioner violates the mandates of New York Constitution, article XIII, § 2 and Not-For-Profit Corporation Law § 1504 (b).
Respondent maintains that the language regarding the six-year term of office for the position of Director of the Division of *213 Cemeteries, as set forth in Not-For-Profit Corporation Law § 1504 (b), does not preclude the Cemetery Bd.’s termination of petitioner prior to the end of the term.
Respondent contends that Not-For-Profit Corporation Law § 1504 (b) must be read in conjunction with the relevant provisions of the Civil Service Law and that pursuant to Civil Service Law § 41 (2), petitioner was a "temporary” employee who could not vest the rights of a permanent employee.
Respondent further contends that petitioner was not terminated due to his political party affiliation or for political considerations but rather due to the Cemetery Bd.’s loss of confidence in petitioner following a number of poor decision-making incidents and his failure to follow instruction.
Clearly, petitioner’s appointment as Director of the Division of Cemeteries in the Department of State is governed by the provisions of the Civil Service Law. The Civil Service Law constitutes a general system of statute law applicable to appointments and promotions in every department of the civil service of the State, with such exceptions only as are specified in the statute itself (see generally, Matter of Flaherty v Milliken, 193 NY 564; People ex rel. McClelland v Roberts, 148 NY 360).
Civil Service Law § 41 (2) states the following: "2. No office or position shall be deemed to be in the exempt class unless it is specifically named in such class in the rules. Upon the occurrence of a vacancy in any position in the exempt class, the state or municipal civil service commission having jurisdiction shall study and evaluate such position and, within four months after the occurrence of such vacancy, shall determine whether such position, as then constituted, is properly classified in the exempt class. Pending such determination, said position shall not be filled, except on a temporary basis.” (L 1958, ch 790, §1.)
In a letter dated June 28, 1994, the Department of State informed petitioner that he was being appointed to the "exempt class position of Director, Division of Cemeteries” effective June 14, 1994.
Under New York law, an "exempt” class means that there is no requirement that a person appointed to a civil service position pass a civil service examination and that the appointment of such position vests in the discretion of the appointing officer or body (see, Matter of Walker v Watson, 201 Misc 556, mod on other grounds 280 App Div 760; Matter of Murphy v Rosenblatt, 140 Misc 2d 450, affd as mod 153 AD2d 524, lv denied 75 NY2d 702).
*214 The Department of State’s letter further indicated that petitioner’s appointment was "temporary pending review of the exempt jurisdictional classification by the Civil Service Commission”.
As set forth in Civil Service Law § 41 (2), the commission had four months after the occurrence of the vacancy to study, evaluate and determine whether the position had been properly classified as in the "exempt class.” However, this four-month period to study and evaluate is "directory” rather than mandatory (see, Matter of Grossman v Rankin, 43 NY2d 493, 501).
In a letter dated July 6, 1994, the Department of State advised petitioner that it had been determined that petitioner’s position as director was a "policy-making position” for purposes of Public Officers Law § 73-a. Further, petitioner was urged to familiarize himself with the Public Officers Law and with 19 NYCRR part 932, a regulation addressing "outside activities.”
It is well settled that as a temporary or "provisional” appointee (see, Matter of Gaiser, 30 Misc 2d 619, affd 15 AD2d 793), petitioner could not vest appointee rights, including tenure, which the law attaches to the status of a "permanent” civil service employee (see, Matter of Hilsenrad v Miller, 284 NY 445; Matter of Pollack v Bahou, 102 AD2d 286).
Such an employee may be terminated at any time without charges preferred, statement of reasons given, or hearing held (see, Matter of Preddice v Callanan, 69 NY2d 812).
Nonetheless, petitioner relies upon a New York Times article published sometime in April of this year as evidence that he was terminated solely due to his political party affiliation.
In this article, it is reported that Governor Pataki’s proposed budget called for the abolition of the State Division of Cemeteries and that the "regulation” of the State’s "1,908 cemeteries” would be turned over to the State Attorney-General’s office.
Further, a spokesperson for the Governor’s office is reported to have stated that petitioner’s dismissal amounted to the replacement of a member of the former administration with someone "who shares our views”.
Moreover, the article indicates that an interim director was appointed until the "post” was eliminated and that the Governor’s spokesperson stated that the proposed abolition of the Division of Cemeteries was in keeping with the Governor’s plan to downsize State regulatory agencies.
Respondent maintains that petitioner’s dismissal was due to certain behavior on his part which caused the Cemetery Bd. to *215 lose confidence in his "abilities and discretion,” including petitioner’s unauthorized activities with the Borough Presidents of Brooklyn, Queens and the Bronx in regard to the holding of public hearings on the "condition and future” of cemeteries in those boroughs.
Petitioner’s contentions are without merit. As an employee acting in a "policy-making” position, petitioner becomes subject to the exception to the general rule regarding discharge of public employees.
The United States Supreme Court has held that political affiliation and political viewpoint are permissible employment criteria for positions involving "policymaking and confidential employees” (see, Rutan v Republican Party of Ill., 497 US 62, 71, n 5 [1990]; Branti v Finkel, 445 US 507, 517 [1980]).
Whether respondent did in fact terminate petitioner due solely to his political affiliation, therefore, is not a basis for reinstatement to his position as Director of the Division of Cemeteries. Additionally, as a temporary appointee to that position petitioner is not entitled to charges preferred, reasons given or a hearing and may be terminated at any time (Matter of Preddice v Callanan, supra).
Accordingly, petitioner’s application for a judgment directing respondent to reinstate him to the position of Director of the Division of Cemeteries, Department of State is denied.
The decision of respondent to terminate petitioner from that position cannot be viewed as arbitrary and capricious, or in abuse of its discretion, in light of the law (see, CPLR 7803 [3]; Matter of Clancy-Cullen Stor. Co. v Board of Elections, 98 AD2d 635, 636). The petition is dismissed.