*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521686
_____

In the Matter of SCOTT ALSTON
    et al.,
                        Appellants,
        v                                    MEMORANDUM AND ORDER

JOHN BERTONI et al.,
                        Respondents.
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____


        Tuttle Law Firm, Latham (James B. Tuttle of counsel), for
appellants.

        Coughlin & Gerhardt LLP, Binghamton (Edward O. Sweeney of
counsel), for respondents.


_____


Devine, J.

        Appeal from a judgment of the Supreme Court (Lebous, J.),
entered November 24, 2014 in Broome County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Michael Cox
assigning petitioners Scott Alston, Michael McEwan and James
Surdoval to perform patrol duties.

        Petitioners Scott Alston, Michael McEwan and James Surdoval
(hereinafter collectively referred to as the detectives) are
detectives employed by the Village of Endicott Police Department.
Due to a perceived increase in criminal activity, respondent John
Bertoni, the Mayor of respondent Village of Endicott, directed
respondent Michael Cox, the Police Chief, to assign detectives to

patrol duty. Cox complied with the directive and, beginning in October 2014, the detectives "work[ed] part of [their] normal work week, during [their] normal work hours, in uniform on patrol." The detectives and their union, petitioner Endicott Police Benevolent Association, Inc., commenced this CPLR article 78 proceeding to challenge the patrol duty assignment. Following joinder of issue, Supreme Court found that the assignment was permissible and dismissed the petition. Petitioners appeal, and we now affirm.

The detectives have been permanently appointed to their positions, and there is no dispute that they are entitled to "the higher salaried, preferred status of detective" (Matter of Wood v Irving, 85 NY2d 238, 245 [1995]; see Civil Service Law § 58 [4] [c], as added by L 1997, ch 134, § 1). Moreover, because the detectives have held their positions for more than three years (see Civil Service Law § 75 [1] [e]), they may "not be removed or otherwise subjected to any disciplinary penalty provided in [Civil Service Law § 75] except for incompetency or misconduct shown after a hearing upon stated charges" (Civil Service Law § 75 [1]).

Petitioners suggest that the assignment of the detectives to patrol duty on a limited basis violated Civil Service Law §§ 58 and 75 by forcing them to perform work "beneath their rank and title" without a hearing.[1] The detectives have not been deprived of their positions as a result of the assignment, however, nor have their pay or benefits been affected in any way by it. Accordingly, because Civil Service Law § 58 only guarantees that the detectives will "be permanently designated as . . . detective[s] . . . and receive the compensation

---

[1] Petitioners suggest that patrol work was outside of the detectives' job description (see e.g. Civil Service Law § 61 [2]). Their assertion is belied by the job descriptions themselves, which show that detectives are required to "[a]ssist Patrol Division concerning criminal cases," and that both detectives and juvenile division detectives must perform any "duties imposed upon them by . . . .[s]pecial [o]rders and lawful orders of their [s]uperior [o]fficers."

ordinarily paid to persons in such designation," its provisions are not implicated by the assignment here (Civil Service Law § 58 [4] [c] [ii]; cf. Matter of Pleakis v Peterson, 281 AD2d 910, 911 [2001]).  It is also well settled that an employee's displeasure with a work assignment, absent an impact on his or her civil service grade or title, salary or benefits, does not implicate Civil Service Law § 75 (see Matter of Galatti v County of Dutchess, 64 NY2d 1163, 1165 [1985]; Matter of Pelt v New York City Hous. Auth., 199 AD2d 26, 26 [1993]; Matter of Sellstrom v City of Rye, 143 AD2d 757, 757 [1988]).  Thus, we agree with Supreme Court that the patrol assignment did not run afoul of either statute.

Petitioners lastly argue that the assignment itself was arbitrary and capricious but, inasmuch as "no [demotion] or change of grade was involved, the assignments of the [detectives] were within the sole discretion of" the appointing officer (Matter of Detective Endowment Assn., Police Dept., City of N.Y. v Leary, 36 AD2d 289, 291 [1971], affd 30 NY2d 577 [1972]; see Village Law § 4-400 [1] [c], [e]; Matter of Sellstrom v City of Rye, 143 AD2d at 757).  In any case, assigning the detectives to patrol duty on a limited basis was rational in light of the proof that residents of the Village were demanding a greater police presence to combat a perceived rise in lawlessness, demands that could not be met by hiring more patrol officers because of budgetary problems.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court