■ In the Matter of ARNO JAHN, Appellant, v. TOWN OF PATTERSON et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR "to revoke, cancel and annul the oral Stop Work Notice given to the petitioner", the petitioner appeals from a judgment of the Supreme Court, Putnam County, entered October 16, 1964, which dismissed the petition. Judgment affirmed, without costs. In substance, petitioner alleged that in 1963 he had the right to erect an extension to a building on his property even though the extension violated the zoning ordinance adopted in 1960, because the extension was erected on a foundation constructed in 1945 and therefore was simply the continuation of a permissible nonconforming use. Petitioner also claimed that he had a vested right to the extension, since it was substantially completed after a building permit had been issued therefor and before he was orally directed to stop work thereon. In our opinion, however, the extension was, at most, an enlargement of a nonconforming use. As such, it was prohibited by the express terms of section 9 of the Town of Patterson Zoning Ordinance, and, in any event, was not permissible as a matter of right (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39, 42; *Matter of French* v. *Incorporated Vil. of North Haven,* 1 A D 2d 788; *Turetsky* v. *City of Long Beach,* 19 A D 2d 902). If it be assumed that the extension could have been erected as a nonconforming use subsequent to the enactment of the ordinance, we are of the opinion that, under section 9 thereof, such right was lost through petitioner's failure to act within one year from the date of the adoption of the ordinance (cf. *Matter of Franmor Realty Corp.* v. *Le Boeuf,* 201 Misc. 220, affd. 279 App. Div. 795). Moreover, it appears that the extension may encroach upon adjoining property. Under such circumstances petitioner has failed to show the clear legal right to construct the extension which is essential to the maintenance of this proceeding in the nature of mandamus (cf. *Matter of Pruzan* v. *Valentine,* 282 N. Y. 498, 501; *Matter of Alweis* v. *Wagner,* 14 N Y 2d 923, 924). We are also of the opinion that petitioner, who concededly received oral notification to stop work and apparently acted thereon, was not prejudiced by the failure to receive a written notice of the violation (cf. *Namkung* v. *Boyd,* 226 F. 2d 385, 390). The proceeding was properly dismissed, despite respondents' failure to serve an answer to the petition as required by CPLR 7804, since the facts alleged in the petition, even if deemed to be true, did not establish petitioner's right to the relief requested (cf. *Matter of O'Malley* v. *Robbins,* 142 Misc. 305, 306; *Matter of Oppenheim* v. *Williams,* 40 Misc 2d 106, 107). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.