**Brenda Marie Barger KING**

v.

**J. C. PENNEY COMPANY, INC., and their wholly-owned subsidiary, Treasury Stores, Inc., d/b/a Treasure Island Stores.**

**Frank C. HUBERT**

v.

**J. C. PENNEY COMPANY, INC., and their wholly-owned subsidiary, Treasury Stores, Inc., d/b/a Treasure Island Stores.**

**David J. KING**

v.

**J. C. PENNEY COMPANY, INC., and their wholly owned subsidiary Treasury Stores, Inc., d/b/a Treasure Island Stores.**

Civ. A. Nos. 16802–16804.

United States District Court,
N. D. Georgia,
Atlanta Division.
March 8, 1973.

Wyatt & Zagoria, Michael H. Dunn, Atlanta, Ga., McWhorter & Steinberg, Forest Park, Ga., for plaintiffs.

Alston, Miller & Gaines, John R. Crenshaw, Atlanta, Ga., for defendants.

SIDNEY O. SMITH, Jr., Chief Judge.

These Fair Labor Standard Act cases are before the court on defendant's motion for partial summary judgment. Plaintiffs have not opposed defendant's motion; and it is, hereby, granted.

Plaintiffs may not recover punitive damages pursuant to the F.L.S.A. Section 29 U.S.C. § 216(b) specifies the amount an employee may recover in a suit against an employer for violation of the provisions of the Fair Labor Standards Act as follows:

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable amount as attorney's fee to be paid by the defendant, and costs of the action."

■ Plaintiffs in their respective complaints ask not only unpaid overtime compensation and an equal amount as liquidated damages, but also punitive damages. The F.L.S.A. itself does not provide for the recovery of punitive damages, and this court is unaware of any judicial decision allowing punitive damages to be recovered. Accordingly, defendant's motion for summary judgment is granted in respect to plaintiffs' claim for "punitive damages," as opposed to the double recovery authorized by law.

■ All claims alleged by plaintiff which arise out of a cause of action which accrued before July 1, 1969 are barred by the statute of limitations. A cause of action arising under the F.L.S.A. must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255. Plaintiffs allege willful violations in their complaint, and their complaints were filed on June 30, 1972. Therefore, all claims arising out of causes of action which accrued before July 1, 1969 are barred by the statute of limitations. *See* Wessling v. Carroll Gas Co., 266 F. Supp. 795, 801 (N.D.Iowa 1967) Shandelman v. Schuman, 92 F.Supp. 334 (E. D.Pa.1950). The claims arising between July 1, 1969 and July 1, 1970 are subject, of course, to proof that they were caused by a willful violation.

Accordingly, defendants motion for partial summary judgment is granted.

It is so ordered.