Jacob ¡Markowitz, J.
This is a petition, pursuant to article 78 of the 'CPLR to restrain the Police 'Commissioner and the Police Department from reducing petitioner James McEvoy from the rank of Deputy Inspector to the rank of iCaptain, and for related relief.
Declaratory relief is also sought for the benefit of an unspecified class claimed to be similarly .situated to petitioner McEvoy. Since, however, the allegations in the petition apply only to petitioner, this proceeding may not be deemed a class action as contemplated by 'CPLR 1005 and is not considered as such.
By cross motion, respondents request dismissal of the petition for legal insufficiency.
When the order to show cause instituting this proceeding was signed, petitioner James McEvoy held the rank of Deputy *811 Inspector in the Police Department. He had been in that position for approximately three years. The petitioner alleges that on September 19 of this year, petitioner was advised by the Director of Police Personnel that it would be in petitioner’s best interests to file for retirement, or upon his failure to do so, he would be reduced in rank to Captain. It is further alleged that when he asked for the reason for this action, he was told “ That the Police 'Commissioner believes you have been in the Personnel Bureau too long and wants your vacancy,” and that petitioner£ ‘ believes that were it not for his age and the 33 years of service to the citizens of the City and State of New York, the respondent [commissioner] would not discriminate against him and £ want his vacancy ’ for younger persons.”
It is claimed by petitioner that this constitutes discrimination because of age and is therefore an illegal exercise of administrative judgment by the Police Commissioner. Bespondents, on the other hand, argue that petitioner was merely £ £ detailed ’ ’ to the position of Deputy Inspector, that such detail may be revoked at any time in the discretion of the Police Commissioner, and that by Personnel Order No. 368 dated September 28, 1973, the designation of petitioner McEvoy, to act as Deputy Inspector of Police, was revoked and he was designated Executive Officer of the 30th Precinct.
The Administrative Code of the City of New York provides in pertinent part as follows:
‘1 Section 434ar-13.0 Promotions.
“ a. Promotions of officers and members of the force shall be made by the commissioner * * * but a detail to act as inspector ® * ® shall not be deemed a promotion. ° * *
££ c. The commissioner shall, in the exercise of his discretion, from time to time, detail nineteen captains and so many others as the mayor may authorize upon the recommendation of the commissioner to act as inspectors, with the title, while so acting, of inspectors of police and at his pleasure may revoke any or all such details.”
It is apparent from the foregoing that tenure, and the rights flowing therefrom, applicable to competitive civil service employment, are not present in assignments such as the one here under review; and petitioner does not .so argue. The question remains, however, whether, acknowledging that the commissioner is given broad discretion with respect to detailing and revoking the detail of captains to the rank of inspector, is such ■ discretion subject to review where it is exercised for unlawful reasons.
*812 Under the authorities I am constrained to hold that this question may not he reached in this case. Personnel Order No. 36% of the Police Commission, dated September .28, 1973, alluded to above, gives no reason for the designations, revocations and transfers listed in the order. Dispositive cases establish the rule that where a public officer has a nonreviewable discretion to appoint or revoke an appointment, the court may not go behind his order to find an unstated motivation for his action in making or revoking the appointment (Matter of Kaminsky v. Leary, 33 A D 2d 552, affd. 28 N Y 2d 959; Matter of Delicati v. Schechter, 3 A D 2d 19).
In Matter of Delicati v. Schechter (supra, p. 24) the court observed:
‘ ‘ The point is urged that all the commissioner need do, to avoid review of illegal or arbitrary action, is to remain silent and avoid giving evidence of his mental operation by word or act. That may be. But overlapping public policies must be accommodated.
‘ ‘ Under long-standing principles of law, this court must presume, until the contrary is shown, that public officers vested with discretionary power exercise their power consistent with their fiduciary obligation to their particular governmental unit and to the people in general. By the very act of granting, within constitutional limits, a particular public officer a non-reviewable discretionary power, the Legislature indicates its willingness to accept the risk of unprovable arbitrary action in order to seek the accomplishment of the objectives of the grant of that discretionary power. (Matter of Sheridan v. McElligott, 278 N. Y. 59.) When the Legislature is no longer ¡willing to accept that risk, it may remove the mantle of nonreviewability from administrative action.”
The Human Bights Law declares (Executive Law, § 296, subd., 1, par. [a]) that an employer who ‘ ‘ because of the age, race, creed, color, national origin or sex .of any individual * * * [refuses] to hire or employ or # * * [bars] or * * * [discharges] from employment * * * [an] individual or * * * [discriminates] against such individual in compensation or in terms, conditions, or privileges of employment ’ ’ is guilty ¡of an “ unlawful discriminatory practice.” Discrimination in employment because of age is thus against the public policy of this ¡State. The protection afforded by the Human Bights Law does not, however, affect the holdings of Kaminsky v. Leary (supra,) and Delicati v. Schechter (supra). Under the Human Bights Law the only manner in which an order of *813 the State Division of Human .Rights may he enforced is by a proceeding brought in and determined by the Appellate Division (Executive Law, § '298; Matter of State Division of Human Rights v. Employers-Commercial Union Ins. Group, 33 A D 2d 273). An order of the ¡State Division of Human Rights is not self-enforcing (State Division of Human Rights v. Janica, 37 A D 2d 444, 446).
Parenthetically, it might be noted that heretofore, in a proceeding before the State Division of Human Rights, wherein respondent commissioner’s predecessor was charged with unlawful discriminatory practices on the basis of age, a stipulation of settlement was reached ¡wherein the then commissioner stated that “ I do not and will not discriminate against Captains and Captains designated to serve in higher ranks in their terms, conditions and privileges of employment by reason of age.” This ,was reiterated by respondent commissioner in identical language in a letter to the ¡Captains’ Endowment Association, dated July 13, 1973.
Assuming that respondent commissioner thus adopted his predecessor’s settlement before the State Division of Human Rights and viewing all the allegations in the petition in a light most favorable to petitioner, all that appears to be alleged in the petition is that the Director of Personnel told petitioner McEvoy that the reason for the revocation of his detail was the belief of the commissioner that he was on his job too long. If such is in fact the reason for the change in petitioner’s title, it does not .follow that petitioner was being discriminated against because of his age.
It is conceivable, for example, that after spending a considerable time on a job a man might be transferred in order that an incoming superior may replace him with someone with a fresher approach to the ¡job, or with attitudes more reflective of the new superior’s policy, or for any number of other reasons having nothing to do with age. So long as the contested action does not conflict with the employee’s constitutional or statutory rights, the superior’s discretion may not be said to be arbitrary.
The purpose of the portions of the Administrative Code quoted above was to give the .Commissioner of Police broad discretion with respect to detailing Captains to the position of Inspector. The implicit flexibility found in this policy cannot be deemed in any way to mature into a right. The reasons and rationale behind the broad grant of discretionary authority are not hard to fathom. “ The very nature of the work and duties of policemen and the Police Department, sensitive and confidential in *814 nature, require such ’ ’ (Matter of Hagan v. Murphy, 39 Misc 2d 82, 85, affd. 19 A D 2d 862, affd. 14 N Y 2d 701). Under the express language of the code, a detail to inspector does not constitute a promotion. As a clear corollary, and from the very character of the position, incumbents may be removed at will (Matter of Hagan v. Murphy, supra, p. 86). Discretionary appointments do not with time evolve into the right to stay.
The cross motion to dismiss is granted and the petition is dismissed. This decision is not intended, however, to preclude such applications as petitioner McEvoy may deem appropriate before the State Division of Human Bights or under the Executive Law.