## (December 30, 1976)

■ In the Matter of FRANK FORD, Individually and on Behalf of All Inmates Residing in Clinton Correctional Facility, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Appeal from a judgment of Supreme Court at Special Term, entered March 5, 1976 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel the respondent to alter prison rules relating to the use of the law library by the inmate population of the Clinton Correctional Facility. This proceeding was commenced by petitioner, on behalf of himself and all inmates of the Clinton Correctional Facility. The petition alleges that the respondent is "depriving inmates of general population, their rights to free and effective access to attend the law library, thereby depriving inmates to free and effective access to the courts, by the existing procedures, and time schedule." The schedule of hours during which the library is open for general population makes it clear that the limitations on its use are reasonable. The petitioner's affidavit alleges that the library opens at 10:00 A.M. and closes at 3:50 P.M. There are some restrictions concerning its use during periods of recreation and when the weather is inclement or an inmate has lost some privileges. It appears that respondent allows inmates to assist other inmates in the preparation of petitions, motions and briefs. The inmates at the facility have representation by the prisoners assistance project, in addition to the assistance of counsel which may be assigned by a court. Therefore, we conclude that the inmates are not being deprived of "access to the courts" by the library use regulations and that respondent has acted in a reasonable manner in fulfilling his statutory powers to manage the facility (Correction

Law, § 18). Since the allegations of the petition were insufficient on their face to prove a denial of access to the courts, the dismissal of the petition prior to filing an answer by respondent was not improper *(Matter of Jahn v Town of Patterson,* 23 AD2d 688). Finally, in our opinion, this action is not properly a class action because there are individual determinations to be made as to how each of the inmates could allegedly be denied access to the courts (see *Bellamy v Judges in N. Y. City Criminal Ct.,* 41 AD2d 196). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.