**Roy R. FRITH, Appellee,**

v.

**EASTERN AIR LINES, INC., Appellant.**

**No. 78–1488.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 10, 1979.

Decided Dec. 4, 1979.

Eugene C. Hicks, III, Charlotte, N. C., for appellee.

Joseph B. C. Klutz, William T. Covington, Jr., Charlotte, N. C., for appellant.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

Both parties have filed petitions for rehearing and we have required each to answer that of the other. The petitions are thus ripe for decision.

The petition of plaintiff, Roy R. Frith, seeks to have us reconsider our ruling that plaintiff cannot recover in an action of this kind the award of $50,000 for mental an-

---

guish which the jury assessed, and he suggests that reconsideration should be in banc. We are not persuaded that our ruling was incorrect and we decline to reconsider it. No judge eligible to do so has requested a poll on the suggestion for rehearing in banc.

The petition of defendant, Eastern Air Lines, Inc., seeks to have us direct the district court to reconsider the amount of the attorneys' fees awarded to plaintiff in view of the fact that we have reduced the amount of his recovery by $50,000, and, further, that we empower the district court to modify its reinstatement order should it appear that present conditions at Douglas Municipal Airport are not the same as existed on April 24, 1978, the date of the district court's order requiring reemployment, and should equity require the modification. We think that both points are well taken.

In awarding counsel fees, the district court properly considered as a factor affecting the amount the results obtained by plaintiff's attorney and relied, in part, on that factor. *See Walston v. School Board of Suffolk*, 566 F.2d 1201 (4 Cir. 1977). Since we have required plaintiff's recovery to be reduced from $51,113.63 to $1,113.63, it follows that the amount of the fee which was awarded should be reconsidered, and we direct that this be done. We express no view, however, as to what is a proper award in the light of the reduced recovery.

While we are not aware of any changed conditions at the Douglas Municipal Airport which would require any modification of the district court's order for reemployment, the order is an equitable one, and we do not consider that, by affirming that order, we have ousted the jurisdiction of the district court to modify it, in its sound discretion, for good cause shown. The matter is entirely discretionary with the district court, and we do not require that the order be reconsidered.

Accordingly, the petition for rehearing of plaintiff is denied and the petition for rehearing of defendant is granted and our judgment modified by the views expressed herein.

It is so ORDERED.