Lynn B. SKROVE, Plaintiff and Appellee,

and

Ron Charpentier, Plaintiff,

v.

Robert HEIRAAS and Bob's True Value Hardware, Inc., Defendants and Appellants.

Civ. No. 9874.

Supreme Court of North Dakota.

March 12, 1981.

Wayne O. Solberg, Solberg, Stewart & Boulger, Fargo, for plaintiff and appellee.

Frederick D. Kraemer, Frederick D. Kraemer & Associates, Fargo, for defendants and appellants.

VANDE WALLE, Justice.

Robert Heiraas and Bob's True Value Hardware, Inc. (hereinafter "Heiraas"), appeal from a judgment in the amount of $9,905.26 entered by the district court of Cass County in favor of Lynn B. Skrove. We affirm in part and reverse in part.

Skrove was employed by Heiraas as a retail clerk in Heiraas's hardware store. By the end of 1976 Skrove was earning $800 per month. In August 1977, Skrove's wages were raised to $1,000 a month. Heiraas contends that at this point Skrove agreed to work as he was needed and that he would no longer be filling out time cards as he had been doing previously. In October 1978, Heiraas's payroll records were audited by the Wage and Hour Division of the United States Department of Labor. The Wage and Hour Division advised Heiraas that he was indebted to Skrove and other employees for unpaid overtime compensation. The amount owing Skrove was determined to be $2,505.69. Heiraas did not appeal the determination and in November 1978 issued to Skrove a check for that amount, less regular payroll deductions.

Skrove contends that in November 1978, when Heiraas paid him for the overtime compensation determined to be due by the Wage and Hour Division, Heiraas advised Skrove that he, Heiraas, was not going to absorb the amount and that it would be recovered by a reduction in Skrove's wages over the next five to six months. Skrove's paychecks for the months of November 1978 through April 1979 ranged from $490 to $838. The difference between the amount paid and the amount Skrove would have received at his regular previous wage during those months approximated the amount which was paid to Skrove in November 1978 pursuant to the Wage and

Hour Division determination. Skrove further contends he was instructed by Heiraas to submit time cards indicating he worked 7 hours per day, although he worked in excess of that number of hours. The check stubs for Skrove's wages indicate Skrove was paid on the basis of a 7-hour work day at the minimum wage. Skrove also alleges that at the time of the payment of the uncompensated overtime, i. e., in November 1978, Heiraas told him he would either accept the plan for recoupment or terminate his employment. Skrove testified that he was the sole support of his wife and two sons and could not afford to terminate his employment at that time. Skrove continued to work for Heiraas until July 1979. This action followed.[1]

Heiraas contends that he was unaware, prior to the audit by the Wage and Hour Division, that he was not complying with the provisions of the overtime compensation laws; that to comply with the Wage and Hour Division audit, it was necessary for budget purposes to substantially reduce wages to the minimum wage of $2.65 per hour because his business had only a given amount of dollars available for wages; that because the audit necessitated a large additional outlay of cash for unpaid overtime compensation for Skrove as well as other employees, Heiraas had to reduce hourly wages to stay within the limits of his budget; and that Skrove was advised that he would either have to take a cut in pay until the business was economically more healthy or terminate his employment. Heiraas's position is, then, that he was not attempting to recoup the $2,505.69 paid Skrove for overtime compensation pursuant to the Wage and Hour Division audit but rather was merely keeping a running account of the time period after which it would be economically feasible to increase Skrove's wages above the minimum wage, which Skrove had agreed to accept as compensation.

Following trial, in which the parties presented their evidence as summarized above, the trial court issued extensive findings of fact and conclusions of law in which it determined there was no evidence to support Heiraas's position and that all the evidence "with a preponderance of evidence" supported Skrove's position. The trial court further stated it "places no credibility to the testimony of Defendant Robert Heiraas."

The trial court, after making its findings, made the following pertinent conclusions of law:

"2. Defendants have violated 29 U.S.C.A. Section 207 in not compensating Plaintiff for overtime between the period of December 4, 1976 to September 30, 1978 and that such compensation based on the formula of time and a half for overtime of 40 hours per week is $2,505.69. Likewise said section was violated by Defendants for the period October 2, 1978 to July 11, 1979 for a total compensation for overtime due Plaintiff in the amount of $973.94.

"3. 29 U.S.C.A. 216(b) provides that any employer who violated Sections 206 (minimum wage) and 207 (overtime) shall be liable to the employee for such compensation and an amount equal to such compensation as liquidated damages. In any action to recover overtime compensation as in this case, if the employer shows to the satisfaction of this Court that the acts or omissions of the employer giving rise to this action were in good faith and that he had reasonable grounds [to believe] that such acts or omissions were not a violation of the act, the Court may, in its discretion, award no liquidated damages or only portions of such liquidated damages. As given in the Findings of Fact herein, this Court finds no good faith or reasonable grounds for Defendant believing that no violation occurred. 29 U.S.C.A. 260. The violations occurred even after the audit and assessment.

---

1. The original action was brought by Skrove and Ron Charpentier, another employee of Heiraas. Charpentier did not appear for trial and the district court dismissed his action against the defendants. No appeal has been taken from that dismissal and Charpentier's action is not part of the proceedings on appeal in this court.

The Defendants knew or should have known about the law applicable. The liquidated damages are applicable to the $2,505.69 amount in that it was returned unlawfully to the employer and this instant action was necessary to retrieve it. The return of the money through subsequent withholding by the Defendants was not based on a valid contract as stated in the Findings of Fact. Furthermore an employee may not waive his right to overtime compensation which is protected by the Fair Labor Standards Act. *Lerwill v. Inflight Services, Inc.*, 379 F.Supp. 690 (CA9 1974), affirmed [9 Cir.] 582 F.2d 507.

"4. The Defendants, and each of them, are guilty of oppression, fraud and malice, actual or presumed. This Court in its discretion assesses exemplary damages against the Defendants for sake of example and by way of punishing said Defendants in the amount of three hundred dollars ($300.00). The liquidated damages as assessed by this Court are not considered as punitive or exemplary. These exemplary damages do not arise out of contract. Though not attributable thereto, it indirectly compensates the Plaintiff for the loss of the use of the $2,505.69 for the approximate period of two years.

"5. The Court shall allow a reasonable attorney's fee to be paid by the Defendants and the costs of the action. Section 216(b) of the act. This federal statute supersedes the state statute which makes such attorney fees void. 28–26–04 NDCC. The reasonable attorney fee in this case for the Plaintiff in the discretion of the Court is $2,500.00.

"6. The Plaintiff is entitled to his costs and disbursements as provided by Section 28–26 [sic] NDCC.

"7. Plaintiff Lynn B. Skrove is entitled to judgment against the Defendants and each of them for the following amounts:

"(a) for compensation for overtime for the period of December, 1976 to September, 1978 in the amount of $2,505.69; and

"(b) liquidated damages thereon in the amount of $2,505.69; and

"(c) for compensation for overtime for the period of October, 1978 to July 11, 1979 in the amount of $973.94; and

"(d) liquidated damages thereon in the amount of $973.94; and

"(e) exemplary damages in the amount of $300.00; and

"(f) attorney fees in the amount of $2,500.00; and

"(g) costs and disbursements."

Heiraas raises four issues on appeal:

1. Is Skrove entitled to compensatory damages to recover unpaid overtime compensation under the Fair Labor Standards Act and, if so, in what amount?

2. If Skrove is entitled to recover compensatory damages from Heiraas for unpaid overtime compensation, is Skrove entitled to recover an additional equal amount in the form of liquidated damages?

3. Are punitive or exemplary damages recoverable in an action under the Fair Labor Standards Act to recover unpaid overtime compensation?

4. If this court, on appeal, reduces Skrove's damages, may we in turn reduce the attorney fees to which Skrove is entitled?

I

The first two issues raised by Heiraas involve attacks on the trial court's findings of fact. In the first issue Heiraas urges that we view the facts as indicating that Skrove knew he was working overtime; that Skrove knew he was to report his overtime and that Heiraas would pay him on that basis; that Skrove was paid for all overtime that he did report; that Heiraas did not keep track of Skrove's hours because the business operated on the honor system; and that Heiraas relied upon the time slips turned in by Skrove and paid Skrove according to those time slips. All these factual issues were decided by the trial court contrary to Heiraas's position. On appeal those factual determinations are subject to reversal only if they are found to

be clearly erroneous. Rule 52(a), N.D.R. Civ.P. That rule also requires us to give due regard to the opportunity of the trial court to judge the credibility of witnesses. This court has consistently held that a finding is clearly erroneous only where, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. See, e. g., *Erling v. Homera, Inc.*, 298 N.W.2d 478 (N.D.1980). The trial court had the opportunity to hear the witnesses and judge their credibility. It concluded that Skrove's version of the facts was correct. Heiraas argues that Skrove should be estopped from asserting that he worked overtime without compensation by his failure to report that overtime accurately on his time sheets. The trial court considered that argument and found that Skrove had not freely consented to submit time cards showing fewer hours than he actually worked because his consent to do so was obtained by duress, fraud, and undue influence in that Skrove was faced with the alternatives of agreeing to the plan or having no job. The trial court further found that Skrove was afraid to seek other employment because his family depended exclusively upon him for income. We have reviewed the evidence submitted in this matter and we have no firm conviction that a mistake has been made.

■ Heiraas also takes issue with the trial court's award of liquidated damages. This action was instituted pursuant to 29 U.S.C. § 201 et seq. known as the "Fair Labor Standards Act." Section 216(b) of the Act provides that for a violation of the provisions relating to the payment of overtime compensation an employer is liable to the employee or employees affected in the amount of the unpaid overtime compensation and in an additional equal amount as liquidated damages. Section 260 of the Act

provides that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." [2]

In considering the matter of liquidated damages the trial court made the following findings:

"13. From the evidence in this case, the violations of Section 207 of the Fair Labor Standards Act by the Defendants were intentional and not done in good faith or by mistake. There are no reasonable grounds to make it unfair for this Court to impose the liquidated damages. In the discretion of this Court the preponderance of evidence persuades this Court that the liquidated damages equal to the overtime assessments should be invoked. The Defendants have not met their burden of showing good faith or reasonable grounds for believing they were not violating the act.

"14. Defendant Heiraas testified that he did not know if Skrove was working overtime or not during the period after the audit. This Court finds that the Defendants knew or should have known in that Skrove's duties and work continued the same as before. The use of fictitious records clearly showed the absence of good faith by the Defendants with reference to the liquidated damages."

Heiraas continues to argue that his actions were in good faith, that he paid Skrove on the basis of the time records submitted by Skrove and that the reduction in Skrove's compensation after the audit was based solely on budgetary concerns, i.

2. This action was instituted under the Fair Labor Standards Act and Section 216(b) of that Act permits an action for civil liability to be maintained in any Federal or State court of competent jurisdiction. Because the action is controlled by Federal law which specifically provides for liquidated damages in an amount

equal to the unpaid overtime compensation, Section 9–08–04, N.D.C.C., voiding a provision for liquidated damages in a contract except where it would be impracticable or extremely difficult to fix the actual damage, is not an issue in this matter.

e., that the business could not pay the overtime assessments made by the Wage and Hour Division and continue to pay the employees at the pre-audit rate of compensation. These are factual matters which are also governed by Rule 52(a), N.D.R.Civ.P. Our review of the record in this matter does not leave us with a firm conviction that a mistake has been made.

## II

■ Heiraas next attacks the award of $300 in exemplary damages to Skrove. In this regard the trial court made the following finding of fact:

"15. The assessment by this Court of liquidated damages does not prevent the assessment of exemplary damages pursuant to state law. Section 215(a)(3) of the act prevents the discharge or discrimination against an employee because of being involved to any extent in a violation of the act. Retaliation by an employer against an employee is prohibited. Section 215(a)(5) prohibits the use of false records or reports. The actions of the Defendants are permeated and based on oppression, fraud and malice. Fraud is evidenced from the falsification of records and the unlawful retrieving of assessed overtime compensation. The action of the Plaintiff is not arising out of contract in that no contract existed for reasons hereinbefore given for the retrieving of the $2,505.69. The action is based on federal statutes giving a remedy, not on contract. Malice by the Defendants has been proven by the Plaintiff. There was an intentional doing of a wrongful act without cause or excuse. The Defendant Heiraas is well educated and knowledgeable. He is a former school teacher. He knew it was wrong when he did it. These elements being present, his actions were wanton and with bad motive. *Neidhardt vs. Siverts*, 103 N.W.2d 97 (N.D.1960). The element of malice is present in the actions of the Defendants. Oppression is clearly present in Defendants' actions, such being evidenced by the Plaintiff being faced with the choice of returning the overtime compensation or being fired in a climate of having a family to support with no other job prospects."

The trial court relied on that portion of Section 216(b) of the Act which provides that "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." [3]

The trial court apparently believed that this provision is without limitation and authorizes the court to award exemplary as well as punitive damages. We do not agree. The authority of a State court to determine this entire matter is granted by Federal—not State—law. When the trial court awarded exemplary damages it relied upon State law because there is no specific provision in the Federal Act for exemplary damages. Because the jurisdiction of the trial court to hear this action is based on Federal rather than State law, we must look to the Federal Act for our solution.

The liquidated-damages provision of Section 216(b) has previously been declared to be not punitive in its nature but rather to constitute compensation for retention by the employer of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945), *rehearing denied* 325 U.S. 893, 65 S.Ct. 1189, 89 L.Ed. 2005 (1945). Despite the compensatory rather than punitive nature of the liquidated damages, we conclude the basis for awarding those dam-

---

**3.** Section 215(a)(3) makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, ..."

ages, under the Federal Act, is the same as that required for exemplary damages under State law. Section 260 of the Act was enacted in 1947. See Ch. 52, Sec. 11, 61 Stat. 89. It provides:

> "In any action commenced prior to or on or after May 14, 1947, to recover . . . unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."

This provision has been construed as intending to reduce the harshness which resulted from imposition of damages under other provisions of the Act on employers acting in good faith. *Hays v. Republic Steel Corp.*, 531 F.2d 1307 (5th Cir. 1976). Section 260 of the Act adopts a standard, i. e., good faith, as a reason for not awarding liquidated damages under the Act. Section 32–03–07, N.D.C.C., permits the court to award exemplary damages for the breach of an obligation not arising from contract, "when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, . . . " Thus a finding of good faith would prohibit the court from awarding exemplary damages in North Dakota. Despite the previous holding that the liquidated-damages provision of the Fair Labor

Standards Act is not intended to be punitive in nature, an argument can be made that by the later enactment of Section 260 —authorizing a court to refuse to award liquidated damages where the defendant acted in good faith—the United States Congress has, by implication, established liquidated damages as partially punitive in nature in those instances in which they are awarded by the court.

Counsel did not cite any authority from other jurisdictions on the issue of whether or not, in these matters, a court may award exemplary as well as liquidated damages to a successful plaintiff and we have been unable to find any such decisions.[4] But, because the standard for awarding liquidated damages under the Federal Act is now the same as that for awarding exemplary damages under State law, i. e., a lack of good faith, and because the Federal law is silent with respect to an award of exemplary damages, in addition to liquidated damages, we conclude the trial court was without authority to award the exemplary damages despite its finding of fraud, oppression, and malice.

### III

Finally, Heiraas asks us to reduce the attorney fees awarded to Skrove. Heiraas cites authority for an appellate court to reduce the amount of attorney fees awarded in those instances in which the appellate court has reduced the recovery awarded to the employee. See, e. g., *Frith v. Eastern Air Lines, Inc.*, 611 F.2d 950 (4th Cir. 1979). In view of the fact that we have reduced the amount awarded to Skrove by

---

4. Heiraas refers us to 48A Am.Jur.2d 705, *Labor and Labor Relations*, § 2482, which discusses the liquidated-damages provision of the Fair Labor Standards Act and states that no punitive damages may be recovered in a suit under the Fair Labor Standards Act. That authority cites *King v. J. C. Penney Company, Inc.*, 58 F.R.D. 649 (N.D.Ga.1973), which held that the Fair Labor Standards Act did not provide for recovery of punitive damages and noted there were no judicial decisions of which the Court was aware allowing punitive damages to be recovered. However, in 1977 the United States Congress amended Section 216(b) to include

the language upon which the trial court relied in reaching its decision. See 91 Stat. 1245. That language, which subjects an employer to liability for legal or equitable relief as may be appropriate, "including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages," was not a part of the statute at the time of the *King* decision and therefore that decision may not be determinative of the issue currently before us. Nevertheless, we do not construe the language added in 1977 to include the award of exemplary damages in addition to liquidated damages.

only $300—the amount of the exemplary damages—we do not believe a reduction of the attorney fees awarded to Skrove is justified.

Skrove has requested this court to award attorney fees to him for the appeal. His argument is that if we do not award attorney fees on appeal we will dilute his recovery. That position is realistic and is substantiated by case law cited by Skrove. See *Montalvo v. Tower Life Building*, 426 F.2d 1135 (5th Cir. 1970). But, because we have reduced the award to Skrove by the $300 exemplary damages without reducing the attorney fees awarded to him by the trial court, we do not award additional fees to him on this appeal.

The judgment of the district court is affirmed except as to the $300 award of exemplary damages which is reversed.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.