Peter PLACOS, Granville Buckley, Alan F. Marsh-Neame, Julian Gregory, Milton Pannaman, Alan A. T. Marks, Richard Dougherty, Robert J. Holowinski, Roy J. Di Vincenti, and Robert Lynn, Plaintiffs,

v.

COSMAIR, INC., doing business as L'Oreal, Defendant.

No. 80 Civ. 0562.

United States District Court,
S. D. New York.

July 15, 1981.

Ford, Marin, Esposito & Witmeyer, New York City, for plaintiffs.

Clifton, Budd, Burke & DeMaria, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

Plaintiffs have brought suit against their former employer, Cosmair, Inc., alleging four causes of action. Plaintiffs' first claim is that they were discriminated against because of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("the Act"). Invoking the Court's pendent jurisdiction, plaintiffs also allege that defendant wrongfully breached plaintiffs' employment contracts, intentionally inflicted emotional harm, and intentionally interfered with prospective employment relationships. Defendant has moved for summary judgment dismissing all claims except the claim for reinstatement, backpay, and liquidated damages under the Act. The motion is granted in part with respect to the first cause of action, and denied with respect to the pendent claims.

In *Ginsberg v. Burlington Industries, Inc.,* 500 F.Supp. 696 (S.D.N.Y.1980), this Court held that "the ADEA should be read to preclude damages for pain and suffering or other psychological injuries caused by [the defendant's] violation of the Act." *Id.* at 701 (citations omitted). Liquidated damages, the intended remedy for willful violations, provide compensation for these intangibles.

For the same reason that damages for pain and suffering have been held unrecoverable, courts have concluded that punitive damages cannot be recovered in a suit brought under the Act. *See, e. g., Walker v. Pettit Construction Co.,* 605 F.2d 128, 130 (4th Cir.), *modified on other grounds sub nom. Frith v. Eastern Air Lines, Inc.,* 611 F.2d 950 (4th Cir. 1979); *Murphy v. American Motors Sales Corp.,* 570 F.2d 1226, 1227 (5th Cir. 1978); *Douglas v. American Cyanamid Co.,* 472 F.Supp. 298, 304 (D.Conn. 1979). Numerous courts have viewed the liquidated-damages provision as the alternative to compensatory and punitive damages. *See, e. g., Douglas v. American Cyanamid Co., supra,* 472 F.Supp. at 303; *Fellows v. Medford Corp.,* 431 F.Supp. 199, 202 (D.Or.1977). This conclusion is supported by the testimony of Senator Javits, sponsor of the original bill and subsequent amendments, before the Senate Labor and Public Welfare Subcommittee on Labor: *"the criminal penalty in cases of willful violations has been eliminated and a double liability substituted.* This will furnish an effective deterrent to willful violators." 113 Cong.Rec. 7076 (1967) (emphasis in original) (quoting Hearings on S. 788 and S. 830 Before the Subcomm. on Labor of the Senate Labor & Public Comm., 90th Cong., 1st Sess.); *see Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107, 110 (1st Cir. 1978); *Dean v. American Security Insurance Co.,* 559 F.2d 1036, 1039 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978). Liquidated damages are intended to serve as both punishment and deterrent, in place of criminal penalties and punitive damages.

Courts that have construed the Act to allow punitive damages have relied upon the general reference in section 7(b) of the Act permitting courts to grant such "legal

... relief as may be appropriate to effectuate the purposes of this Act," 29 U.S.C. § 626(b). But as the Court of Appeals for the Fifth Circuit observed in *Dean v. American Security Insurance Co., supra*, it would be inappropriate "to read into the superficial phrase 'legal relief' wrenched from context, an intent to authorize the recovery" of punitive damages. 559 F.2d at 1038 (footnote omitted). As the *Dean* Court stated, "The provisions for liquidated damages for willful violation of the Act and its silence as to punitive damages convinces us that the omission of any reference thereto was intentional." *Accord, Walker v. Pettit Construction Co., supra*, 605 F.2d at 130. Congress intended to restrict the penalty provisions of the Act to doubling of the amount of lost earnings, confident that this remedy would suffice to deter willful violation and "effectuate the purposes" of the Act. The motion to dismiss the claims for pain and suffering and for punitive damages is granted. With respect to other relief sought under the first cause of action, there is no need to determine whether prospective damages are available or appropriate until a decision is made after trial as to reinstatement. *Cf. Ginsburg v. Burlington Industries, Inc., supra*, 500 F.Supp. at 701. Defendant does not deny that plaintiffs are entitled to attorney fees and costs if they prevail.

With respect to the second cause of action, defendant contends that there is no evidence of a written or oral contract, and that, under New York law, plaintiffs must therefore be considered employees at will, who cannot sue for termination. Although defendant correctly observes that Rule 56 imposes a duty upon the party opposing a motion for summary judgment not to rest upon the mere allegations in their pleadings, Fed.R.Civ.P. 56(e), plaintiffs have not had sufficient discovery to be able to set forth specific facts establishing contractual liability. Plaintiffs' contention that a motion for summary judgment cannot be supported by affidavits is wrong. *See* Fed.R. Civ.P. 56(b). They are correct, however, in arguing that the affidavits submitted by defendant fail to establish a basis for summary judgment at this time.

■ In addition, defendant has failed to establish that New York law governs the second cause of action. Assuming arguendo that New York law does apply, defendant is wrong in asserting that an employee may never sue for improper termination of a contract at will, although this second claim may need to be repled as a tort claim for abusive discharge. *See Savodnik v. Korvettes, Inc.*, 488 F.Supp. 822, 824–27 (E.D.N.Y.1980); *Fletcher v. Greiner*, 106 Misc.2d 564, 572–73, 435 N.Y.S.2d 1005, 1010–11 (Sup.1980); *Chin v. American Telephone & Telegraph Co.*, 96 Misc.2d 1070, 1075–76, 410 N.Y.S.2d 737, 740–41 (Sup.1978), *aff'd*, 70 A.D.2d 791, 416 N.Y. S.2d 160 (1979). Plaintiffs' claim may well satisfy the two-part test established in *Chin*: discrimination in employment because of age is against the public policy of New York, N.Y.Exec.Law § 296 (McKinney); *Foran v. Cawley*, 77 Misc. 2d 809, 812, 354 N.Y.S.2d 757, 761 (1973), and the termination by defendant has allegedly violated this policy. If plaintiffs could satisfy these evidentiary burdens, the claim of abusive discharge would be cognizable.

■ In moving for summary judgment on the third cause of action, the state tort claim of intentional infliction of emotional harm, defendant misstates the nature of pendent jurisdiction. Given a primary cause of action arising under federal law and a pendent claim growing out of a common nucleus of operative fact, appropriate relief may be granted on the state claim even though the same relief would not otherwise be available under the federal claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–29, 86 S.Ct. 1130, 1138–41, 16 L.Ed.2d 218, 227–30 (1966). It would waste judicial resources to try plaintiffs' state claims separately from their federal claim, for all arise from a common set of facts. Potential jury confusion could be alleviated by the use of careful jury instructions and verdict interrogatories.

 Defendant contends that the facts here do not satisfy New York's requirement for intentional-infliction cases of a showing of outrageous conduct. Even if such a showing is necessary under New York law, plaintiffs must be given the opportunity to conduct discovery into defendant's actions. Similarly, with respect to the fourth cause of action, plaintiffs must be permitted to investigate whether defendant used unlawful means or was motivated by a desire to injure plaintiffs, in allegedly interfering with their prospective employment relationships. Despite differences in timing between this claim and the federal claim, i. e., termination as opposed to subsequent retaliatory interference in a business relationship, the grievances emanate from a common scheme, and the evidence of subsequent activity would be probative of defendant's intent. As with the third cause of action, possible jury confusion could be minimized by special interrogatories and instructions. Finally, the complaint clearly alleges retaliatory conduct towards all plaintiffs.

Defendant's motion for summary judgment on the second, third, and fourth causes of action is premature. Plaintiffs must be given sufficient time for discovery so as to be capable of buttressing their claims. The motion for summary judgment is granted in part with respect to the first cause of action and is denied with respect to all other claims. Fed.R.Civ.P. 56(b). No costs to either side.

SO ORDERED.