■ In the Matter of RONALD GREENSMITH, Appellant, v INCORPORATED VILLAGE OF CENTRE ISLAND et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Trustees of the Village of Centre Island removing him from the position of "Officer-in-Charge" of the village police department and demoting him from his position as a "Detective" with said department, petitioner appeals from a judgment of the Supreme Court, Nassau County (Pantano, J.), entered October 24, 1983, which dismissed the proceeding on the merits.

Judgment affirmed, with one bill of costs to respondents appearing separately and filing separate briefs.

Petitioner seeks review of a determination removing him from the position of "Officer-in-Charge" of the Centre Island Police Department and "demoting" him from the position of "Detective" with that department. Upon this record it is evident that neither position is a tenured or permanent civil service position or that of a public officer which would require formal charges and a hearing prior to petitioner's dismissal (*see, e.g., Matter of Carter v Murphy,* 80 AD2d 960; *Matter of Lancto v Saranac Lake Cent. School Dist.,* 102 AD2d 913; Civil Service Law §§ 75, 77). Petitioner was not dismissed from the village police force or subjected to any disciplinary action in regard to his permanent position as a police officer so as to invoke the provisions of Village Law § 8-804.

Petitioner was given the discretionary title of "Detective" by virtue of the expired collective bargaining agreement between the village and the Village Police Benevolent Association. His later appointment as "Officer-in-Charge" was made by virtue of his position of "Detective" and was made pending civil service approval and the filling of the newly created position of part-time police chief. Moreover, the record adequately demonstrates that both positions are in the nature of nonreviewable discretionary "details" or appointments (*see, e.g., Matter of Detective Endowment Assn. v Leary,* 36 AD2d 289, *affd* 30 NY2d 577; *Foran v Cawley,* 77 Misc 2d 809). Furthermore, the extraordinary and drastic remedy of mandamus to review will not ordinarily lie unless there is no other adequate specific remedy at law (*Matter of Fried v Fox,* 49 AD2d 877). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.