■ In the Matter of MICHAEL D. HAYDOCK, Appellant, v JOHN A. PASSIDOMO, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent forthwith to suspend the used-vehicle-dealer registration of Richard B. Hetey, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), which, upon the respondent's motion to dismiss the proceeding pursuant to CPLR 7804 (f), dismissed the proceeding.

Judgment affirmed, with costs.

The petitioner alleges that the respondent has refused or neglected to suspend or revoke the used-vehicle-dealer registration issued to Richard B. Hetey. The petitioner further alleges that it is the respondent's duty to take such action, in light of Mr. Hetey's alleged misuse of dealer number plates *(see,* Vehicle and Traffic Law § 415 [8], [9] [b]; 15 NYCRR 78.21 [b]). Based on the foregoing allegations, the petitioner sought

an order in the nature of a writ of mandamus to compel the respondent to either suspend Mr. Hetey's license or commence revocation hearings. On motion by the respondent (CPLR 7804 [f]), Special Term dismissed the proceeding. We affirm. Mandamus lies to compel the performance of a purely ministerial act, but is not an appropriate remedy to compel an act with respect to which a public officer may exercise judgment or discretion (see, Klostermann v Cuomo, 61 NY2d 525, 539; Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16; Matter of Gimprich v Board of Educ., 306 NY 401, 406). The respondent has no mandatory duty to revoke or suspend Mr. Hetey's registration.

Moreover, a peremptory writ of mandamus will issue only in the absence of an adequate remedy at law (Matter of Walsh v LaGuardia, 269 NY 437; Matter of Fried v Fox, 49 AD2d 877; Matter of Greensmith v Incorporated Vil. of Centre Is., 109 AD2d 742, 743). It is clear that the petitioner, the Zoning Administrator of the City of Poughkeepsie, has various other remedies available to assist him in enforcing the city's zoning laws. Under these circumstances, the court properly granted the motion to dismiss this proceeding (CPLR 7804 [f]). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.