■ In the Matter of PHILIP R. BARRESI, Appellant, v PAT-

RICK MAHONEY, as Sheriff of the County of Suffolk, et al., Respondents. [597 NYS2d 417] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Patrick Mahoney, Sheriff of Suffolk County, dated January 8, 1990, which removed the petitioner from his position as Deputy Sheriff Sergeant Investigator and reassigned him to the position of Deputy Sheriff Sergeant, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered February 21, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner argues that his rights were violated by the respondents when he was reassigned from the position of Deputy Sheriff Sergeant Investigator to Deputy Sheriff Sergeant, without serving him with charges or providing him with a hearing as provided for by Civil Service Law § 75. The petitioner, a Vietnam veteran, relies on Civil Service Law § 75 (1) (b), which provides:

"1. Removal and other disciplinary action. A person described in * * * paragraph (b) * * * of this subdivision shall not be removed * * * except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section * * *

"(b) a person holding a position by permanent appointment or employment in the classified service * * * who was honorably discharged * * * from the armed forces of the United States".

We disagree.

The evidence in the record, including affidavits from the special labor counsel to the respondents, and the Chief of Classification of the respondent Suffolk County Department of Civil Service, indicates that no "discrete classification exists in the County's classified service" for the position of Deputy Sheriff Sergeant Investigator, and that the petitioner's assignment to that position, and reassignment from that position, is solely within the respondent Suffolk County Sheriff's discretion. Under these circumstances, the respondent Sheriff's reassignment of the petitioner back to his classified position of Deputy Sheriff Sergeant was a nonreviewable, discretionary change of detail (see, Matter of Sellstrom v City of Rye, 143 AD2d 757; Matter of Greensmith v Incorporated Vil. of Centre Is., 109 AD2d 742; Matter of Cannatella v Mahoney, 187 AD2d 425).

We have examined the petitioner's remaining arguments, and find them to be without merit *(cf., Matter of Borrell v County of Genesee,* 73 AD2d 386). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.