OPINION OF THE COURT
Mark H. Dadd, J.
By petition pursuant to CPLR article 78 verified on December 6, 1996, John E. Dziedzic alleges that he has been denied his *638 right of access to the courts under Bounds v Smith (430 US 817 [1977]). This proceeding was commenced by an order to show cause dated February 20, 1997 and counsel was assigned by an amended order dated April 16, 1997. Petitioner has also submitted an affidavit, sworn to on April 25, 1997, in further support of his petition. Respondent requests that relief be denied upon the answers dated April 11 and September 2,1997.
The petitioner’s complaints arose from his preparation of a petition under CPLR article 78 for judicial review of a superintendent’s hearing which was affirmed upon administrative appeal on September 26, 1996. He attempted to have photocopies of his pleadings and exhibits prepared at the Attica Correctional Facility’s law library. Such photocopying services are available for a fee "equal to the facility’s cost of reproduction excluding costs for staff time” (see, Department of Correctional Services Directive No. 4483, § III [1] [June 14, 1990]). Petitioner, however, was unable to pay the fee to obtain the desired copies.
Petitioner filed a grievance, dated December 5, 1996, arguing that the facility should advance the fees for such photocopies to indigent inmates and charge their accounts for the costs of such services. Such a charge would be subject to reimbursement from future funds credited to the account. His petition now seeks a judgment declaring that the respondent denied him access to the courts by not providing him with photocopies of his documents and a credit system to pay for such copies. The petition also requests that the respondent be directed to adopt "a program of 'Authorized Advances’ for photocopying legal documents and all related papers, so that inmates who are incapable of paying for copies immediately may pay for them over a period of time so that no impediment of access to the Courts will be in issue again.”
Prison officials have discretion to choose from alternative methods designed to assist inmates in preparing meaningful legal papers (see, Bounds v Smith, supra, at 828). No specific method, such as free access to photocopying machines, is required (see, Gittens v Sullivan, 670 F Supp 119 [1987], affd 848 F2d 389 [2d Cir 1988]). Furthermore, an inmate must show that the prosecution of his legal claims was actually hindered in order to establish a denial of access to the courts. Widespread actual injury must be established to justify the judicial imposition of the broad policy change requested in the petition (see, Lewis v Casey, 518 US 343, 348-351 [1996]).
*639 There is no requirement that inmates file multiple copies of their pleadings in order to commence an article 78 proceeding. Upon receipt of the petition challenging the 1996 superintendent’s hearing, it would have been this court’s practice to assign the Wyoming County-Attica Legal Aid Bureau, Inc., petitioner’s present counsel, to provide legal assistance and to prepare all necessary copies of papers to effect service. Thus, alternative means of obtaining necessary copies were available to the petitioner. Furthermore, petitioner has failed to specify what documents were not copied or show that they were necessary to support his case. Article 78 proceedings for review of disciplinary hearings are summary in nature and primarily involve the review of records supplied by prison authorities. There is normally no need for a petitioner to prepare extensive documents or exhibits to support such a petition. Thus, relief must be denied because the petitioner has failed to show that his attempt to challenge the superintendent’s hearing was actually hindered by the lack of photocopies or that the respondent’s policy is unreasonable in view of all the alternatives available to him for legal assistance (see, Matter of Graziano v Coughlin, 221 AD2d 684, 686 [1995]; Matter of Gayle v Bigness, 220 AD2d 939 [1995]; Matter of Ford v La Vallee, 55 AD2d 799 [1976], lv denied 41 NY2d 802; Matter of Gittens v Selsky, 193 AD2d 986 [1993]).
Petitioner has failed to present binding legal precedent which mandates a contrary result. The cases he has cited involved the review of the assistance provided to inmates in other jurisdictions where inmates established that their legal claims had been actually hindered by prison policies (see, Giles v Tate, 907 F Supp 1135 [1995]; Johnson v Parke, 642 F2d 377, 380 [10th Cir 1981]; Allen v Sakai, 48 F3d 1082, 1085 [9th Cir 1994]). The petitioner’s complaints must be adjudged upon review of the entire legal access plan available to inmates at the Attica Correctional Facility (see, Bounds v Smith, 430 US, supra, at 831). Furthermore, he has improperly cited 9 NYCRR 7031.4 (k) in an attempt to support his claim. That section merely provides that local correctional facilities may supply inmates with photocopies of legal reference materials as an alternative to providing direct access to the original reference material.
Now, therefore, it is hereby ordered that this proceeding is converted to an action for a declaratory judgment insofar as it challenges the constitutionality of the respondent’s policies (see, Matter of Montgomery v Coughlin, 194 AD2d 264, 266 *640 [1993], appeal dismissed 83 NY2d 905); and it is further adjudged and declared, that the petitioner has failed to show that he has been denied access to the courts; and it is further ordered that the petition is otherwise denied.