In the Matter of Town of Riverhead et al., Appellants, v New York State Department of Environmental Conservation et al., Respondents. [858 NYS2d 183]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated December 9, 2005, which denied an application to revoke a mined land reclamation permit held by the respondent T.S. Haulers, Inc., the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), dated November 3, 2006, which, inter alia, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioners Town of Riverhead and Town Board of the Town of Riverhead (hereinafter together the Town) commenced this proceeding pursuant to CPLR article 78 alleging that the respondent New York State Department of Environmental Conservation (hereinafter DEC) acted arbitrarily and capriciously in denying the Town's application to revoke a mined land reclamation permit that DEC had issued to the respondent T.S. Haulers. DEC moved to dismiss the petition on the grounds that the Town lacked both capacity and standing to bring this proceeding, that the proceeding is barred by the applicable statute of limitations, that DEC cannot be compelled to initiate an enforcement proceeding, and that the petition is academic. The Supreme Court granted the motion and dismissed the proceeding. We affirm the order and judgment dismissing the proceeding, but we do so for reasons other than those set forth by the Supreme Court.

Contrary to the conclusion reached by the Supreme Court, the Town has the capacity to bring this proceeding. "Capacity to sue . . . 'concerns a litigant's power to appear and bring its grievance before the court' " (*Silver v Pataki*, 96 NY2d 532, 537 [2001], quoting *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]; *see Matter of Graziano v County of Albany*, 3 NY3d 475, 478-479 [2004]). The Town has the power to sue and be sued (*see* Town Law § 65 [1]). DEC argues, however, that because it is an agency of the State of New York, the Town may not sue it without explicit legislative authority to do so. DEC is incorrect. "[C]apacity may be inferred as a necessary implication from the powers and responsibilities of a governmental entity, 'provided, of course, that there is no clear legislative intent negating review' " (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 42 [2005], quoting *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 156). Here, that necessary implication is found in the New York State Mined Land Reclamation Law (ECL art 23, tit 27), pursuant to which DEC is prohibited from considering an application for a permit where the proposed mining operation is inconsistent with local zoning laws (*see* ECL 23-2703 [3]). Implicit in this recognition of the role of local land use laws in this context, is the capacity of the municipality that enacted those laws to challenge DEC's failure to comply with the statutory prohibition.

DEC's contention that the Town is without standing to bring this proceeding falls for similar reasons. The issue presented by

the doctrine of standing is whether the litigants "should be allowed access to the courts to adjudicate the merits of [the] dispute" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). The inquiry is twofold. "Generally, standing to challenge an administrative action turns on a showing that the action will have a harmful effect on the challenger and that the interest to be asserted is within the zone of interest to be protected by the statute" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *see Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 10 [1975]). In light of the primacy given by the Legislature to the Town's zoning laws in this context, the Town satisfies this standard (*cf. Town of Black Brook v State of New York*, 41 NY2d 486 [1977]).

Nevertheless, the proceeding was properly dismissed. Assuming the truth of the allegations in the petition, as we must at this stage in the proceeding (*see Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]; *Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream*, 17 AD3d 472, 473 [2005]; *Matter of Zaidins v Hashmall*, 288 AD2d 316, 316-317 [2001]), mandamus "will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" (*Klostermann v Cuomo*, 61 NY2d 525, 539 [1984], quoting *Matter of Gimprich v Board of Educ. of City of N.Y.*, 306 NY 401, 406 [1954]; *People ex rel. Hammond v Leonard*, 74 NY 443, 445 [1878]). The determination to initiate proceedings leading to the revocation of a permit is a discretionary function (*see* ECL 23-2711 [6]) with respect to which mandamus does not lie (*see Matter of Haydock v Passidomo*, 121 AD2d 540 [1986]). The Town's attempt to avoid the effect of these principles by characterizing the petition as seeking mandamus to review is belied by the actual relief it has requested, which is to direct DEC to commence a revocation proceeding. To the extent that the petition seeks, in effect, to review the determination to grant the permit initially, it is barred by the applicable statute of limitations (*see* CPLR 217 [1]). Since the relief requested by the Town is thus not available on the basis of the allegations in the petition, the proceeding was properly dismissed (*see Matter of Jahn v Town of Patterson*, 23 AD2d 688 [1965]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.