Judgment, Supreme Court, New York County (Donna M. Mills, J), entered September 12, 2012, denying the petition to annul respondents’ determination, dated March 2, 2012, which changed petitioner’s Mortgage Loan Originator (MLO) license status to “approved-inactive,” and dismissing the proceeding brought pursuant to CFLR article 78, unanimously affirmed, without costs.
Banking Law § 599-i (1) (a) provides that respondent superintendent may renew an MLO’s license only if the MLO “continue [s] to meet the minimum standards for license issuance set forth in section [599-e].” Section 599-e provides that the superintendent shall not issue an MLO license unless the applicant “has demonstrated financial responsibility, character, and general fitness such as to command the confidence of the community” (§ 599-e [1] [c]). Further, an application for the issuance of an MLO license must include an “independent credit report” and “[s]uch other pertinent information as the superintendent may require” (§ 599-d [9] [b] [i]; [d]).
Although petitioner ultimately made his credit report available to respondents in connection with his MLO license renewal application, he nevertheless refused to provide an explanation as to why his mortgage payments were 120 days past due, as indicated in his credit report. Accordingly, respondents’ determination to change petitioner’s MLO license status to “approved-inactive” had a rational basis in the record and was not arbitrary and capricious (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
*528 The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]). Petitioner has failed to demonstrate a clear legal right to the relief sought. Further, respondents’ determination to inactivate petitioner’s MLO license was discretionary (see Matter of Town of Riverhead v New York State Dept. of Envtl. Conservation, 50 AD3d 811, 813 [2d Dept 2008], citing Klostermann v Cuomo, 61 NY2d 525, 539 [1984]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ. [Prior Case History: 2012 NY Slip Op 32310(11).]